# SUPREME COURT. ·

## STILES agt. COMSTOCK.

The rules of pleading, under the Code, allow the defendant to set forth by answer as many defences as he may have; and no rule is prescribed limiting him to *consistent* answers, or requiring him to *confess* the speaking of the words, if he would *justify*, in an action of slander.

The true course is to permit the defendant to put in as many defences as he is advised he has, *whether consistent with each other, or otherwise.* The answer, if *sham*, and not verified, can be stricken out under § 152, and if verified, it ought to be retained for trial.

In an action for slander, the defendant may prove the plaintiff's general bad character, in mitigation of damages, *whether he justifies or not.*

And it is questionable whether he can give evidence in mitigation, unless *he has set it up in the answer.*

· *Tompkins Special Term, Dec.* 1853. This is a motion by the plaintiff to strike out the defendant's answer of justification, in an action of slander, and also the answer, that the defendant will give in evidence the general bad moral character of the plaintiff in mitigation of damages.

The complaint is for charging the plaintiff with forging a note of $160, and also a like charge of forging a note for $250. The defendant's first answer denies the speaking the words. 2d. That he will prove, in justification, that plaintiff did make and forge a promissory note of $80 against one Stephen Stiles, and that the plaintiff confessed to the defendant the forgery aforesaid, before he spoke the words charged in the complaint, and that the defendant spoke the said words aforesaid, of, and concerning the forgery of the note in the answer set forth; and that the above facts would be given in evidence, both in bar, and in mitigation of damages. 3d. That the character of plaintiff was bad; and the same will be given in evidence to mitigate damages.

> MR. BARRETT, *for Motion.*
> MR. SEYMOUR, *Opposed.*

SHANKLAND, Justice. The motion to strike out the matter pleaded as a justification must prevail, on the ground that it is

Stiles agt. Comstock.

irrelevant, under section 152 of the Code, which declares that *sham* and irrelevant answers and defences may be stricken out on motion, and upon such terms as the court in their discretion may impose. The matters set up in that answer are irrelevant, because they in no respect are pertinent as a justification of the charge made in the complaint.

To prove that the plaintiff forged a note of eighty dollars is no justification of a charge that he forged a note of two hundred and fifty dollars, or any other sum. The defendant must confine his defence to the specific charge made. Andrews agt. Vanduzen, (11 *J. R.* 42;) Palmer agt. Haight, (2 *Barb. S. C. R.* 211;) Skinner agt. Powers, (1 *W. R.* 451.)

Nor are the matters contained in said second answer receivable in evidence, in mitigation of damages, except as they may have affected his general character; and if the forgery set up in the answer has affected the general character of the plaintiff, the defendant can avail himself of it, under his third answer in mitigation of damages.

The plaintiff's bad character can be given in evidence in mitigation of damages; but the plaintiff moves to strike it out, on the ground that it was unnecessary to set it up, in the answer; and the case of Graham agt. Stone and Stone (6 *How. Pr. R.* 15) is cited as authority for the proposition, that mitigating circumstances can not be set up in the answer, unless the charge is also justified in the answer.

I hold the better opinion to be, that the defendant may prove the plaintiff's general bad character in mitigation of damages, whether he justifies or not; and that it is quite questionable whether he can give evidence in mitigation, unless he has set it up in his answer. (See able opinion of SELDEN, J. in Follet agt. Jewett & Foote, 1 *American Law Register*, 600.)

But whether it is necessary that the mitigating circumstances should be stated in the answer, or not, it is quite certain that they are neither irrelevant under section 152, or 160, nor redundant under the latter section.

They are not irrelevant, because pertinent to the defence in mitigation of damages, and clearly admissible in evidence for

that purpose. They are not redundant, because that term is not applicable to an entire answer, or to one of several answers, but only to *superfluous* matters contained in an answer. (6 *How. Pr. R.* 355.)

The plaintiff urges as a reason why the answer in justification and in mitigation should be stricken out, that the defendant had denied the speaking of the words, and that it would be *inconsistent* with that denial to allow him to justify or to mitigate; and he cites in support of that position 6 *How. Pr. R.* 255, and some other cases. I recognize no such rule of pleading under the Code. ; Section 149 prescribes what the answer may contain; and section 150 gives permission to set forth, by answer, as *many defences* and counter-claims as the defendant may have, whether legal or equitable; but they must be separately stated.

The Code nowhere requires that one answer must be consistent with another; and I deny the authority of the courts thus to limit defendants in their rights. Nor is a denial of speaking the words inconsistent with the plaintiff's guilt; for the plaintiff may be guilty of forgery although the defendant never said he was. But it is said, that the plea of justification must admit the speaking of the words justified, and that such admission is inconsistent with the previous denial. Up to the last amendment of the Code in 1852, this was so, but now it is not so. It is no longer necessary to make the admission in a plea of justification. " All the forms of pleading heretofore existing are abolished; and hereafter, the forms of pleading in civil actions in courts of record, and the rules by which the sufficiency of the pleadings is to be determined, are those prescribed by this act." (See § 140.)

Among the rules thus prescribed is the one above recited, · allowing the defendant to set forth by answer as many defences as he may have, and no rule is prescribed limiting him to consistent answers, or requiring him to. *confess* the speaking of the words, if he would justify, in an action of slander. Nor should the courts prescribe such a rule, if they had the power. By the former practice, the defendant was allowed to plead the

general issue, and to justify also. It is not an impossible, nor an improbable circumstance, that a plaintiff may *prove* the defendant spoke certain actionable words, although he never did speak them; but in such a case, if the rule attempted to be established is to prevail, the defendant would be limited to the *denial* of the speaking, and be deprived of a *justification*, or he must forego his denial of speaking the words, and resort to his justification, and make an admission, *under oath*, of the speaking of the words he never in fact spoke.

The only course consistent with the Code, and with the rights of the parties, is to permit the defendant to put in as many defences as he is advised he has, whether consistent with each other, or otherwise. The answer, if *sham*, and not verified, can be struck out under section 152, and if verified, it ought to be retained for trial.

The motion to strike out the second answer, both as a bar and in mitigation, is granted; and the motion is denied as to the third answer in mitigation.

No costs of this motion to either party.