## SUPREME COURT.

Jonathan Mayhew, respondent, agt. Erasmus D. Robinson, survivor of himself and Peter L. Parsons, appellant.

Matter in *abatement* constituting a *defence* should be pleaded or set up in the *answer*, unless it is apparent on the face of the complaint; then a *demurrer* is the proper remedy.

For instance, a defendant who is sued alone upon a contract made by himself and partner jointly, may by answer interpose the non-joinder of his partner as a *defence*, unless it is apparent on the face of the complaint. (*Agrees with Bridge agt. Payson*, 5 *Sand*. 210, *and adverse to Gardiner agt. Clark*, 6 *How. Pr. R.* 449, *and* 7 *id*. 385.)

The question of pleading required by the Code discussed.

*Genesee General Term, October,* 1854.

MARVIN, P. J., BOWEN and GREEN, J. J.

Appeal by defendant from judgment rendered upon the report and decision of a referee. The action was against Robinson as survivor of himself and Parsons, to recover the price of property sold and delivered to Robinson and Parsons. The defendant answered: 1. Denying each and every allegation in the complaint; 2. Alleging that the sale and delivery of the cast-iron wheels, mentioned in the complaint, were made to the defendant and Parsons, jointly with one Benjamin H. Fletcher, still living at Lockport, in the county of Niagara, and not to the defendant and Parsons, as alleged in the complaint. Upon the trial, it appeared that the cast-iron wheels were sold and delivered to Robinson, Parsons and Fletcher jointly, they being partners in business. The defendant moved for a non-suit, which the referee denied, and the defendant excepted. The referee made a report for the plaintiff against the defendant, Robinson, for the price of the wheels, &c., and directed judgment therefor.

The defendant appealed to this court.

R. B. STOUT, *for appellant, cited Bridge agt. Payson,* 5 *Sand. S. C. R.* 210.

L. K. HADDOCK, *for respondent, cited Gardiner agt. Clark,* 6 *How. Pr. R.* 449; *King agt. Vanderbilt,* 7 *id.* 385; 13 *W.* 285; 2 *Cow.* 417; 1 *Mass.* 347.

By the court—MARVIN, P. J. In *Gardiner agt. Clark,* (6 *How. Pr. R.* 449,) it was held that the distinction between pleas in abatement and pleas in bar is not abolished by the Code, and that an objection in the nature of a plea in abatement can not be taken in a general answer, and is waived by an answer upon the merits. That the Code has not attempted to regulate the

order and effect of pleadings by the defendant, and, as I understand the *opinion*, matter in abatement must now, as formerly, be pleaded, and the question thus raised be disposed of before any defence upon the merits is pleaded. This case was followed in *King agt. Vanderbilt*, (7 *How. Pr. R.* 385,) by Justice JOHNSON. In *Bridge agt. Payson*, (5 *Sand. S. C. R.* 210,) subsequently decided, a different conclusion was arrived at. It was held, that if the matter in abatement constitute a defence, it must be stated in the answer. In that case the same question arose as in the present case; the defendant answered by denying the allegations in the complaint, and then alleging the non-joinder of his co-partner as a defendant.

Upon a careful examination of the question, I have come to the conclusion that *Gardiner agt. Clark* can not be sustained, and that *Bridge agt. Payson* was properly decided.

Justice ALLEN, in *Gardiner agt. Clark*, seems to attach some importance to the language used in § 140, by which all *forms* of pleading, *inconsistent with the provisions of the act*, were abolished, and he argued that the old order of pleading matter in abatement and bar was not inconsistent with the system or provisions of the Code. Without stopping to consider this view of the question, it is proper to notice, that by the amendment of 1852 the words "inconsistent with the provisions of this act" were stricken out, and the section was restored to its condition as enacted in 1848; the words thus stricken out having been inserted by the amendments of 1849. As the law now stands, all the forms of pleading heretofore existing are abolished; and the forms of pleadings and the rules by which their sufficiency are to be determined are those prescribed by that act. A leading object of the Code was to discontinue all distinction between legal and equitable remedies, and the establishment of a uniform course of proceeding in all cases. (*See Preamble to Code.*) The definition of an action was intended to include all actions at law and suits in equity. (§ 2.) And by § 69 the distinction between actions at law and suits in equity, and the forms of all such actions and suits previously existing, are abolished. Keeping these provisions in mind, and

Mayhew agt. Robinson.

also the rules of pleading and practice as they existed in the two differing systems abolished, and we are prepared to examine "the forms of pleading," and "the rules by which the sufficiency of the pleadings are to be determined."

The first pleading, on the part of the plaintiff, is the complaint, (§ 141,) and the various rules, in reference to its form and construction, are prescribed.

The only pleading on the part of the defendant is either a demurrer or an answer. (§ 143.) In § 144 the causes of demurrer are specified. If certain facts appear on the face of the complaint, the objection may be taken by demurrer. If it appears from the complaint that there is a defect of parties, plaintiff or defendant, the defendant may for this cause demur. If the objectionable fact does not appear upon the face of the complaint, the objection may be taken by answer. What answer, when, and in what order? Let us see what is said about *answer*. By § 149, the answer of the defendant must contain, 1. A general or specific denial, &c.; 2. A statement of new matter constituting a *defence* or counter-claim. By § 150 the defendant may set forth by answer as many *defences* and counter-claims as he may have; they must be separately stated. Is there any authority here for more than one answer or for a succession of answers? There is authority for setting forth by anwer as many *defences* as the defendant may have, with the requirement that they be *separately stated*, clearly showing that all his defences are to be put forth at once and in the same answer.

May a defendant, who is sued alone upon a counter-claim made by himself and partner jointly, interpose the non-joinder of his partner as a *defence ?* If it is apparent upon the face of the complaint that his partner should have been joined, he may demur, and this will defeat the action, unless the plaintiff amend by making the partner omitted a party defendant. A plea in abatement for non-joinder of another as defendant was always a *defence.* (*Gould's Pl. Ch.* 2, §§ 10, 11, &c.; *Chit. Pl. v.* 1, *Pleas in Abatement.*) Pleas in abatement were called dilatory pleas, because they delayed the plaintiff and prostrated or

demolished the particular writ or bill, but did not show that the plaintiff had no cause of action. If the defence was, that the plaintiff had no cause of action at any time, present or future, in respect to the supposed causes of action, the plea of such defence was called a plea *in bar*. (*Ch. Pl. id.*) But I do not understand that it has been denied that matter, which will abate the action, constitutes a *defence* in contemplation of the Code. Some of the judges have, however, said that the term *defence*, as used in the Code, meant a bar to the action. I have heretofore endeavored to show that such construction was erroneous.

It may be remarked that unless matter in abatement constitutes a *defence*, there is no authority for pleading it. The only authority for pleading any matter other than a denial, is " new matter constituting a *defence*." There is no authority for but one answer, and the authority to set forth in that answer all the defences the defendant has, is clear and explicit. In my opinion the defendant must set forth all the defences he relies upon in the answer. The order of pleading at common law is abrogated, and we must look to the provisions of the Code alone. In equity, the defendant might take the objection of a want of parties in the answer.

It may appear to those accustomed to the superseded systems, that the present system, permitting the defendant to interpose any and all defences in the same answer, will, in practice, lead to great difficulties and failures of justice. If we properly consider the entire system of the Code, I think any such apprensions will be removed. The rules touching pleadings, practice and judgments, as established by the Code, are very different from those existing at common law. They are now nearly analogous to the rules prevailing in a court of equity. The court has great powers in moulding the judgment, and in adapting it to the rights of the parties as established upon the trial. Upon the trial, the court may propound questions in writing to the jury, and require them to find upon those questions of fact. The special finding of facts is to control the general verdict. (§§ 261, 262.) It is sometimes proper and quite necessary to submit to the jury special questions of fact,

so as to enable the court to render a judgment that shall pre-
serve the rights of the parties. Suppose, in a case like the
present, the question whether there was a non-joinder of a
person that should have been made defendant is raised, and the
evidence upon that issue should be proper for the jury, the
court could, and probably should, put to the jury a written
question; suppose the jury should find a general verdict for
the plaintiff, and in answer to the question submitted should
find the answer true, that is, that there was a person living who
should have been joined as defendant. This finding would
control the general verdict, and the court could give judgment
of discontinuance without prejudice to an action for the same
cause against the proper parties; thus this judgment, like the
judgment at common law, abating the action, or the decree in
equity dismissing the complaint without prejudice, &c., would
not constitute a bar to an action against the proper parties.

Again, the profession should keep constantly in mind the
large and ample provisions touching amendments of pleadings
and proceedings. An amendment may be had "by adding or
striking out the name of a party." (§ 173.) In the present
case, when the plaintiff was informed by the answer that
Fletcher was a joint-contractor, &c., &c., and that he was
living, he could have applied to the court for leave to amend,
and could have made Fletcher a party defendant.

Again, suppose the plaintiff should not be satisfied that the
answer was true, and should go to trial, and the answer should
be proved; I think the court might, even then, permit the plain-
tiff to withdraw a juror, and permit him to amend upon proper
terms. And in the present case, after it had appeared before
the referee that Fletcher should have been joined as a defend-
ant, I think the plaintiff might have applied to the referee to
adjourn the trial, so as to enable him to apply to the court for
leave to amend. I have in such cases permitted amendments
while the cause was pending before the referee. Perhaps in a
case like the present, it might, upon making another person
a party, result in vacating the order of reference. It might
result in an abandonment of any defence. There might be no

defence, when the proper parties should be joined as defendants. It so now appears in the present case.

The judgment must be reversed, and a new trial must be ordered. As the plaintiff appears to have a good cause of action against the defendant and Fletcher, but must fail in his action unless he amends and makes Fletcher a party, I can see no objection to the court now permitting him to amend, and thus save the necessity of an application to the court at special term. The defendant has pleaded the non-joinder, and the referee has found the fact showing that Fletcher must be joined as a defendant. It seems to me that this court may make the order giving leave to amend; and the terms, I think, should be upon payment of the costs of the trial before the referee, and the costs of the appeal.[*]

## SUPREME COURT.

[*] On consultation, it was concluded to reverse the judgment, and leave the plaintiff to his application at special term for leave to amend, &c.