---

## SUPREME COURT.

### LEWIS DORAN agt. WILLIAM B. DINSMORE and others.

The complaint stated, "that during the whole of the month of March, 1854, the defendants were co-partners, and as such were engaged and doing business in Placerville, in the state of California, and elsewhere, as bankers and common carriers, under the name, style and firm of Adams & Company."

The answer denied this statement in the following form: " These defendants deny (that during the time in that behalf in the complaint stated, the defendants were engaged in business in Placerville, in the state of California, and elsewhere, as bankers and common carriers, as in the complaint alleged.")

The action being brought to recover an amount of money alleged to have been deposited by the plaintiff on the 13th March, 1854, with defendants doing business as partners, under the firm name of Adams & Co., at Placerville, in California, and for which a certificate was issued; *held,* that the above statement in the complaint being *material,* the defendants' denial, although in form, might be considered inartificial and insufficient, could not be considered *irrelevant.* (INGRAHAM, J., *dissenting.*)

It seems doubtful whether a plaintiff can be permitted to say that a denial in proper form of any statement in his complaint is *irrelevant,* although such statement may not be necessary to constitute a *cause of action.*

Doran agt. Dinsmore.

The answer also contained the following: "And further answering these defend-
ants, on information and belief, say that if any such certificate of deposit, as in
the complaint is alleged, was ever issued, that the same has been paid."

*Held*, that the defendants having intended by this statement to set up the defence
of *payment*, and it not being inconsistent with the former part of their answer,
to wit: that they had no *personal knowledge*, and no information sufficient to
form a belief, and, therefore, denied that the deposit was made as stated in the
complaint, it could not be struck out for *irrelevancy* or *any cause*.

*New York General Term, November*, 1860.

INGRAHAM, BONNEY and HOGEBOOM, *Justices*.

APPEAL from an order obtained by the plaintiff under
§ 160 of the Code, to strike out parts of the answer in this
case as irrelevant and redundant.

WM. CUTTING and JOHN E. BURRILL, *for defendants*.

JOHN LIVINGSTON and LUCIEN BIRDSEYE, *for plaintiff*.

By the court, BONNEY, Justice. The defendants Dinsmore
and Sanford and Shoemaker, impleaded with two others,
have put in a joint answer.

The plaintiff, on motion, obtained an order under § 160
of the Code, to strike out parts of the answer as "irrele-
vant and redundant," and from that order said three defen-
dants have appealed.

It is not claimed that the matter so stricken out is
redundant, except for the reason and upon the ground that
it is irrelevant, and consequently the question of the rele-
vancy of such matter is alone to be considered.

The test, as I understand it, by which we may determine
whether the denials or statements in an answer are mate-
rial or relevant, is to inquire whether they tend to make or
constitute a defence; and if they do so tend, they cannot
be considered irrelevant.

The first paragraph of this answer ordered to be struck
out, is in the words included in parenthesis, in the follow-
ing sentence : These defendants deny (that during the time
in that behalf in the complaint stated, the defendants were
engaged in business in Placerville, in the state of Califor-

nia, and elsewhere, as bankers and common carriers, as in the complaint alleged.).

The action is to recover an amount of money, alleged to have been deposited by plaintiff, on 13th March, 1854, with defendants, doing business as partners under the firm name of "Adams & Co.," at Placerville, in California, and for which a certificate was issued ; and the statement in the complaint intended to be answered by the paragraph above quoted, is, " that during the whole of the month of March, in the year 1854, the defendants were co-partners, and as such were engaged and doing business in Placerville, in the state of California, and elsewhere, as bankers and common carriers, under the name, style and firm of Adams & Company."

The answer denies the statement in the complaint, substantially in the words of that statement. I doubt whether a plaintiff can be permitted to say that a denial in proper form, of any statement in his complaint, is irrelevant, although such statement may not be necessary to constitute a cause of action. But this statement in the complaint is manifestly material. The defendant has intended, or pretended, to deny it; the denial may be in form inartificial and insufficient, but can it be considered irrelevant? I think not.

The second and third paragraphs of the answer ordered to be stricken out are as follows :

" And further answering, these defendants say, and each for himself says, that they have never been within the state of California, and have never personally transacted any business therein, and have no personal knowledge of what therein occurred.

" And further answering, these defendants say, they have no personal knowledge, and no information sufficient to form a belief, and therefore they deny that at the time in that behalf in the complaint stated, or at any other time,

Doran agt. Dinsmore.

the plaintiff made the deposit of money in this complaint mentioned."

From the allegation in the complaint, without explanations, the presumption would be that the money was deposited with the defendants in person, and that they had personal knowledge thereof, and consequently they could not be permitted to deny that allegation on information and belief, without first rebutting the presumption; and I think the statement in said second paragraph is relevant, and proper for that purpose.

By said two paragraphs, the pleader has evidently intended to put in issue the alleged fact of the deposit; and having first stated a reason why the presumption of personal knowledge should not arise against these defendants, he has then stated that they have no personal knowledge and no information sufficient to form a belief, and therefore they deny the allegation of the complaint. This is not the form of pleading contemplated by the Code (§ 149,) and possibly may be held insufficient to put the matter in issue (although I am not satisfied it is so;) but how can it be said to be irrelevant, when the same matter, stated in a somewhat different form, would be not only relevant, but good pleading? I think these two paragraphs should not be struck out.

The fourth, fifth and sixth paragraphs, ordered to be struck out, neither deny any material allegation of the complaint, nor state any new matter constituting a defence, and the order in relation to them is clearly correct.

The seventh paragraph, objected to and ordered to be struck out, is in these words:

" And further answering, these defendants, on information and belief, say that if any such certificate of deposit, as in the complaint is alleged, was ever issued, that the same has been paid."

It is insisted by plaintiff that this statement is in the alternative, and hypothetical, and therefore not permissible

in pleading. Taking the statements of the answer in relation to the alleged deposit and certificate together, these three defendants, in effect, say : " We were never in California, and have no personal knowledge of this transaction, and we have no information sufficient to form a belief whether the alleged deposit was ever made, or the certificate therefor.

" And we further say, on information and belief, that if such certificate ever was issued, it has been paid."

The defendants, under the Code, may set forth by answer as many separate defences as they may have. By the last quoted paragraph of this answer, these defendants have intended to set up the defence of payment of the alleged deposit? Could they, under the circumstances, state the defence under oath in any other form? And must they, for that reason, be deprived of the benefit of it? The paragraph does not appear to me to be inconsistent with the preceding part of the answer, and, in my opinion, should not be struck out for any cause. Certainly payment, if properly pleaded and proved, will be a good defence to this action ; and this statement of such defence, even if defective in form, cannot well be considered irrelevant.

The order appealed from should be modified in conformity with the views above stated, and neither party should have costs against the other, either of the original motion or of this appeal.

HOGEBOOM, Justice. I concur in the disposition of this case made by Justice BONNEY. I have had some doubt in regard to the seventh paragraph, whether it should be permitted to stand ; but under the special circumstances stated in the answer, and the difficulty of presenting the matter therein contained in any other form, without making it incapable of verification, I think it should not be struck out. But this decision must be regarded as confined to this particular case, and not to encourage or authorize this form of

pleading in ordinary cases. Generally there is no difficulty in presenting the allegations in a pleading, especially those containing new matter, in the shape of direct and positive averments; and I make these suggestions lest I might be supposed to countenance in some way the form of hypothetical pleading, which I regard as highly objectionable.

INGRAHAM, Justice. I concur with Mr. Justice BONNEY in his opinion in this case, except as to the first paragraph ordered to be stricken out at special term.

That portion of the answer takes issue upon the words of the complaint, and while it might be found for the defendant, still would decide no material question in the case.

I understand the rule of pleading in this respect to be that a defendant cannot in this way form an issue upon immaterial matters. The gist of the complaint in this particular is, that the defendants were partners in California, either as bankers or common carriers. This is not denied, except in connection with other matters perfectly immaterial. For instance, suppose, after the trial, it appeared they were not engaged in business elsewhere than in Placerville, it would be very immaterial to the decision of the controversy; and yet the issue must be found for the defendant. So, if it appears they were bankers, and not common carriers, it would in like manner be immaterial. Several other instances could be given to show that the issue raised is immaterial. The pleader cannot group together so many matters, and take issue upon all together, in the words of the complaint. He should have denied that the defendants were engaged in business at Placerville, or elsewhere, as bankers or common carriers, or should have admitted in part, and denied as to the residue.

Where it is apparent that an immaterial issue is raised, I think the paragraph should be stricken out.

With this exception, I concur in the proposed modification of the order appealed from.