Bell *v.* Brown.

---

## BELL *et al.* *v.* BROWN *et al.*

SEVERAL defenses, inconsistent with each other, may, under proper circumstances, be set up in a verified answer.

In an action to recover a mining claim the complaint, duly verified, alleged title and possession in plaintiffs on a certain day. The answer, also verified, denied that plaintiffs ever had either title or possession, and afterwards averred that if plaintiffs ever had a title to the claim they had abandoned and forfeited it before defendants' entry. At the trial, on motion of plaintiffs, the Court ordered defendants to elect on which of the above defenses they would rely, and defendants having, after excepting to the order, elected to rely upon their denial were precluded from introducing proof of the abandonment and forfeiture: *held*, that the action of the Court was error; that defendants had the right to set up both defenses in their answer and support both by proof.

The inconsistent defenses which are allowed to be pleaded in a verified answer are not such as require in their statement a direct contradiction of any fact elsewhere directly averred. They are those in which the inconsistency arises rather by implication of law, being in the nature of pleas of confession and avoidance as contradistinguished from denials, where the party impliedly or hypothetically admits, *for the purpose of that particular defense,* a fact which he notwithstanding insists does not in truth exist.

If a fact, which is directly averred in one part of a verified pleading, is in another part directly denied, whether it be in the statement of several causes of action in a complaint or of several defenses in an answer, the party verifying it is guilty of perjury, and on the trial that averment which bears most strongly against the pleader will be taken as true.

In an action of ejectment one of the material allegations of the complaint is that plaintiff was the owner and entitled to the possession *at the time of the alleged entry by defendant,* and under a direct denial of this averment the defendant may show that, previous to his entry, a title which once existed in the plaintiff had been lost by abandonment or forfeiture.

APPEAL from the Eleventh Judicial District.

The facts are stated in the opinion.

*Hereford & Williams,* for Appellants.

I. The Court erred in excluding the evidence offered by defendants to show that the plaintiffs had abandoned the claim sued for—had forfeited it—and that it was vacant and unappropriated at the date of defendants' entry. The defendants admitted their entry, but denied the title of the plaintiffs. The main and only question then to be tried was whether the plaintiffs were the owners at the date of the defendants' entry. If for any reason, whether from never having possession or from abandonment, the plaintiffs' were not the owners or possessors of the land or claim at the date of defendants' entry, then they never had a cause of action. And we hold the rule to be well established, that under a denial of the right of the plaintiffs to recover—as for example his title or possession—anything may be given in evidence which goes to show that the plaintiffs never had a cause of action. (1 Van Santvoord's Pleadings, 2d ed. 461–470 ; 14 Barb. S. C. 541.)

II. The Court erred in compelling the defendants to elect between the defenses of denial of title and the plea of abandonment. The action of the Court was based upon the forty-ninth

Bell *v*. Brown.

section of the Practice Act, and the construction given it by this Court. There is nothing in the terms or import of that section which goes to the extent that the defendant may not plead inconsistent defenses. In the corresponding section of the New York Practice Act at one time a provision was inserted requiring the defenses to be consistent, which provision was subsequently stricken out leaving the law to stand in the condition it was in when we incorporated it with our system. The New York Courts, since the word "consistent" was stricken out, have held that the defendant may plead as many defenses as he has, whether consistent or not with each other, but that each plea must in itself be consistent.

This Court, however, has said "that a sworn answer should be consistent in itself, and should not deny in one sentence what it admits to be true in the next." (14 Cal. 509.) We respectfully submit that the point was not in that case strictly before the Court, was not argued, and was not necessary to the decision, and hence is not binding. Attention does not seem to have been directed to the language of the Practice Act. The error of the expression quoted is in using the term "answer" instead of "defense." If the Court had declared that each defense or plea must be consistent in itself instead of the broad statement that the whole answer must be so, then such declaration would have been consonant with the language and spirit of our Practice Act. While the Practice Act in New York required pleas to be consistent, it was held that "the defendant cannot set up two distinct defenses which are so inconsistent with each other that if the matters constituting one defense are truly stated, the matters upon which the other defense is attempted to be based must necessarily be untrue in point of fact. But the defendant may deny the allegations upon which the claim to relief is founded, and at the same time set up other matters not wholly inconsistent with such denial as a distinct or separate defense." (9 How. Pr. 289–291, and authorities there cited.)

The defenses set up in this answer were not so inconsistent as to bring them even within that rule. Our defense was that plaintiff did not own or possess at the date of our entry. We had a right to introduce all evidence proving that fact, and it would certainly be proved by evidence of abandonment. We cannot conceive it

possible that two defenses, both sustained by the same proof, can be inconsistent with each other.     (See 9 How. Pr. 289; 10 Id. 44; 11 Paige's Ch. 46; 1 Van Santvoord's Pleadings, 522, 523.)

*S. W. Sanderson*, for Respondents.

I.  When the pleadings are verified, and there are separate defenses, such defenses must be consistent.  In *Hensley* v. *Tartar et al.* (14 Cal. 508) this Court says: "But it is proper to say further that a sworn answer should be consistent in itself, and should not deny in one sentence what it admits to be true in the next. The object of sworn pleadings is to elicit the truth, and this object must be entirely defeated if the same fact may be denied and admitted in the same pleading."  The same doctrine is fully recognized in *Klink and Wife* v. *Kohen & Silverstein* (13 Cal. 623), and it is there held that the proper remedy in such case is the one which was adopted here.  There are no cases in this Court which conflict with the two above cited.  The language of the New York Code is identical with that of ours.  (4 Abbott's N. Y. Dig. 492, Sec. 321.)  In that State there is some conflict, but the later and better doctrine seems to be as contended for by me.  In *Arnold* v. *Dimon* (4 Sandf. N. Y., 680) it was held that a carrier by water could not be permitted to answer, 1st, that he was not the owner of the vessel; and 2d, that the property shipped was delivered to the plaintiff.  In an action for slander the defendant cannot justify unless he expressly admit that he used the words imputed to him. (1 Chitt. Pl. 511; 1 Stark on Slander, 421; 7 East. 493; 11 Johns. 38; 6 How. Pr. 255, 84.)  So held in libel.  (*Buddington* v. *Davis*, 6 How. Pr. 401.)  Where the answer puts an assault in issue, it cannot add a justification.  (*Schneider* v. *Schultz*, 4 Sandf. 664.)

II.  Inconsistent defenses are such as cannot all be true.  The defenses in the present case cannot all be true.  Abandonment and forfeiture are not inconsistent because both may be true, but both are inconsistent with the denial of title.  A man cannot abandon or forfeit what he never owned or possessed.  Abandonment and forfeiture are both pleas of avoidance and should, when properly pleaded, expressly confess that which they seek to avoid, to wit:

the title; but whether the admission be made in terms or not is immaterial, since it is necessarily implied.

III.   Proof of abandonment and forfeiture could not have been admitted after those pleas were stricken out.   Proof of forfeiture could not, because the rules under which the forfeiture is claimed must be specially pleaded.   This was held in *Dutch Flat Water Company* v. *Mooney* (12 Cal. 534), and the doctrine of that case has never been departed from.   Proof of abandonment could not, because the idea of abandonment is inseparable from that of possession.   An admission of abandonment is necessarily and logically an admission of possession at the time the abandonment occurred, and any argument to the contrary of this can be neither more nor less than sophistry.   The pretense that this testimony was admissible for the purpose of showing that plaintiff was not the owner or possessor at the time stated in the complaint is unfounded and without the color of authority.   The allegation of the complaint is, " that heretofore, to wit: on the ——— day of August, 1861, and for a long time prior thereto, plaintiffs were the owners, etc. ;" and the denial of the answer is as follows: " that they (defendants) deny that the said plaintiffs were on the ——— day of August, 1861, or at any time prior thereto or since the owners, etc."   This is a full denial that plaintiffs at any time were the owners.   Ownership is the only issue, and the idea of time is not embraced in that issue because time is immaterial.   If they (plaintiffs) were ever the owners, they remained so forever after, so far as the defense in question (denial) is concerned.   The only way by which ownership can be shown at a particular time is by proof of acts, circumstances, and conditions existing prior to that time; that the ownership continues is not matter of proof, but presumption.   The issue is not therefore narrowed down to the particular day named, but embraces with that day all anterior time.   The defense must therefore—as it does in express terms—embrace all anterior time, and can only be sustained by proof equally comprehensive and embracing all anterior time.   Any thing which falls short of this necessarily admits a prior existence of the fact in issue.   That proof of abandonment and forfeiture is not thus comprehensive is apparent, because a division of time at which ownership ceased and abandon-

ment took place is necessarily implied. The idea that a defense which cannot be pleaded may be proved, is a novel one in jurisprudence.

IV. To allow answers like the one in question is to tempt defendants to the commission of perjury. Where one defense or the other must be false, perjury has been committed, and that perjury is encouraged and directly sanctioned by the Courts when they hold that such answers are admitted and allowed by the law of the land.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

The complaint in this case was filed on the twenty-second day of September, 1862, was duly verified, and alleges that on the ——— day of August, 1861, the plaintiffs were the owners and in the quiet and peaceable possession of a quartz mining claim, describing it; that subsequently, and prior to the commencement of this action, and while said plaintiffs were the owners and in the possession of said claim, the defendants unlawfully entered thereon and ousted and dispossessed the plaintiffs therefrom, and have since retained the possession. To this complaint the defendants filed their verified answer: First—Denying that the plaintiffs were on the ——— day of August, 1861, or at any time before or since, the owners and in the possession of the mining claim described in the complaint, or that they ever entered into the same while the plaintiffs were the owners or in possession thereof, or that they ever ousted or dispossessed the plaintiffs therefrom. Second—That the claim was mineral land, on a part of the public domain, and they set forth the mining regulations in that mining district relative to the holding of claims, averring that on the ——— day of ———, 1861, they entered upon, took up, and became seized and possessed of the claim, the same being then vacant and unoccupied, and have ever since remained in possession, and on the day aforesaid they became and ever since have been the owners of the claim; that a dispute arose between the parties to this action concerning the title to the claim, which was submitted to arbitrators, who awarded part to the plaintiffs and part to the defendants, to which the parties assented,

and each took possession of the portion awarded to him; that if the plaintiffs ever had any title to the claim, they, prior to the commencement of the suit, abandoned and disclaimed the same, and forfeited it, by reason of not complying with the mining regulations of the district—setting forth the rule violated, and how it had been violated by the plaintiffs; that defendants have been in possession, under the arbitration, for more than one year, and have expended a large amount of labor and money in developing the claim, with plaintiffs' full knowledge and assent. An injunction was granted at the time of filing the complaint. A trial was had, and the jury found a verdict for the plaintiffs; a new trial was moved and denied, and the defendants appeal from the judgment and the order refusing a new trial.

The plaintiffs moved to strike out portions of the answer, and that the defendants be required to elect between the defense of the denial of the plaintiffs' title and possession, and the defenses of voluntary abandonment and forfeiture by reason of non-compliance with the mining regulations, which motion was sustained by the Court, and the defendants excepted, and then elected to stand upon the defense of the denial of the title of the plaintiffs. During the trial the defendants also offered testimony in support of the defenses stricken from the answer, which was ruled out, and they excepted.

The appellants allege that the Court erred in compelling them to elect between the several defenses set forth in their answer, and also in rejecting their testimony upon those portions of the answer not included in the denials of the plaintiffs' title; and, on the contrary, the respondents contend that the rulings of the Court were correct, because those portions of the answer were inconsistent with and contradictory of the denials.

Sec. 49 of the Practice Act is as follows: "The defendant may set forth by answer as many defenses and counter claims as he may have. They shall each be separately stated, and the several defenses shall refer to the causes of action which they are intended to answer in a manner by which they may be intelligibly distinguished." This section applies to all answers, verified and unverified. It does not attempt to make any distinction between the two, or to make any rule which does not apply equally to both.

Bell *v.* Brown.

The right to set up numerous defenses in a suit is equally as important to the defendant in the one case as the other. It is an absolute right given him by law, and the principle is as old as the common law itself. He may fail to prove one defense by reason of the loss of papers, absence, death, or want of recollection of a witness, and yet he ought not thereby to be precluded from proving another, equally sufficient to defeat the action. In many cases it would be a denial of justice if a defendant should be shut out from setting up several defenses.

There is this difference, however, between verified and unverified pleadings, that if the truth of a fact is directly averred in any part of the former, whether in a complaint or answer, and then in any other part of the same pleading, whether in the statement of several causes of action in the complaint, or separate defenses in the answer, the same fact is directly contradicted or denied, the person verifying it is guilty of perjury, for both cannot be true; and the averment which bears most strongly against the party so pleading will be taken as true upon the trial. But there are numerous cases, and they are the most frequent in practice, where the averments are not directly contradictory; and if they can properly be considered as conflicting at all, it is only by implication of law. As, for instance, such defenses as set-off, counter claim, discharge in insolvency or bankruptcy, the statute of limitations, and the like, in which matters in avoidance of the plaintiffs' claim are set up, when coupled with a denial of the plaintiffs' cause of action. In a legal sense, such defense admits, so far as that defense is concerned, that the plaintiff had a cause of action, but that it has since been satisfied, discharged, or barred in the manner set forth. A defendant, sued upon an alleged contract, might very properly deny under oath that he ever made the contract, and at the same time plead one or more of these defenses, and it would oftentimes be very unjust to preclude him from so doing. It may be true that he never did make the contract, and as an honest man he could only deny it; and yet the plaintiff might be able, by perjured testimony, to prove that he did make it: or the fact may be that it was made when he was insane, or helplessly drunk, or under duress, which would show that it was not his contract, and yet he might not be

able to prove those facts.   It would be gross injustice if, because the defendant conscientiously denied the contract, he should be thereby precluded from showing a full discharge in insolvency or bankruptcy, or that the demand was barred by the Statute of Limitations.   In cases where such defenses are set up, the law treats them as in the nature of pleas of confession and avoidance, as contra-distinguished from the general issue or denials of the averments of the complaint, and it is assumed that, for the purposes of that particular defense, the allegations of the complaint are admitted.   It is similar to the rule in the case of a demurrer, which is taken as an admission of the truth of the facts stated in the pleading, against which it is interposed for the purposes only of the argument upon the demurrer.   Yet, because the demurrer has been filed to a verified complaint, it is never treated as an admission by the party demurring of any fact in any subsequent proceeding in the action. In both cases it is but an admission implied by the law and not admitted or intended to be admitted in fact.   There may be, and no doubt often are cases, where parties make reckless statements in verified pleadings, not only inconsistent, but directly contradictory of each other.   In such cases, Courts ought to deal severely with the parties, and yet it ought not to be carried so far as to prevent parties from setting up separate defenses—a right plainly secured by the statute.

The question of inconsistent defenses and hypothetical pleadings under the code has been adjudicated by the Courts of other States in numerous cases, and the right of a defendant to set forth as many defenses as he thinks proper is fully recognized, and also that pleading one defense cannot be held a waiver of another in the same answer, even though inconsistent.   In *Sweet* v. *Tuttle* (4 Kern. 465), *Mayhew* v. *Robinson* (10 How. Pr. 162), and *Bridge* v. *Payson* (5 Sandf. 210), a general denial and plea of nonjoinder of defendants were united and held good.   So in *Gardner* v. *Clark* (21 N. Y. 399), where a plea of performance and a former action pending were joined.   So in *Doran* v. *Dinsmore* (20 How. Pr. 503), where a general denial was coupled with a plea of payment.   So in *Mott* v. *Burnett* (2 E. D. Smith, 52), it was held that the defendant might deny making the note sued on, allege a

set-off, and that one of the makers of the note had been discharged by the holder. In an action to recover personal property it was held the defendant might answer by a general denial and set up a justification of the taking. (*Harkley* v. *Ogmun*, 10 How. Pr. 44.) In slander, that he may deny the charge and also justify. ( *Ormsby* v. *Douglas*, 5 Duer, 665 ; *Butler* v. *Wentworth*, 17 Barb. 649 ; 9 How. Pr. 282.) So also that pleas which were not inconsistent under the former practice are good as answers under the code. (*Lansing* v. *Parker*, 9 How. Pr. 288.) Held, too, that a defendant should never be required to elect between a denial of a material allegation of the complaint and new matter constituting a defense (*Hollenbeck* v. *Clow*, 9 How. Pr. 289) ; and that it was not necessary that the several defenses in an answer should be consistent with each other. (*Stiles* v. *Comstock*, 9 How. Pr. 48.) Also, that denials of allegations in the complaint may be coupled with a defense of the Statute of Limitations. ( *Ostrum* v. *Bixby*, 9 How. Pr. 57.) Held, too, that a defense might be hypothetically predicated upon a fact alleged in the complaint, as an answer after denying that the plaintiff was the owner of the note sued on, averred that *if* the plaintiff is the owner, he took it with notice of a failure of the consideration (*Brown* v. *Ryckman*, 12 How. Pr. 313) ; or *if* the defendants, by their agents, ever issued the certificate of deposit sued on, the same has been paid. (*Doran* v. *Dinsmore*, 20 How. Pr. 503.) Also held that an implied admission in one of the defenses set up in an answer will not conclude or estop the defendant from proving another defense set up in the same answer, as each defense in an answer stands by itself, and an admission in one is not available against the others. (*Swift* v. *Kingsley*, 24 Barb., S. C., 541.) In the case of *Ketchum* v. *Zereiga* (1 E. D. Smith, 553), this question was very fully examined, and the right of a defendant to file inconsistent defenses and hypothetical pleadings, under proper circumstances, was fully maintained.

In the case of *Youngs* v. *Bell* (4 Cal. 201), the right of a defendant to set up several distinct defenses, and to rely upon all of them in order to put the plaintiff to his proof, was sustained, and it was held that he was not concluded by one plea so long as

he had others which went to the whole action.    (See, also, *Kidd* v. *Laird*, 15 Cal. 182.)

We are aware that there are several decisions, both in our own and other Courts, which have laid down contrary views, but the weight of principle and authority is in favor of the rule, that under proper circumstances a defendant may set up several defenses in his answer, inconsistent with each other, though each defense must be consistent with itself.    The cases decided by the Court of Appeals in the State of New York, and reported in 4 Kernan, 465, and 21 N. Y. 399, seem to have settled the rule in that State. The view we take harmonizes the new code with the well-established principles of the old system of practice.    Works on pleading are full of precedents and forms recognizing fully the right of a defendant to file several pleas, which, though they might be inconsistent with each other, were required each to be consistent with itself.

There is another class of cases where facts set up in answers are apparently in the nature of pleas of confession and avoidance, but which, when carefully examined, are found to be but amplified statements, amounting substantially to a denial of one or more allegations of the complaint ; that is, setting forth particular facts which show that some one or more allegations of the complaint are not true.    They are like special pleas in the nature of the general issue, under the old system of practice.    The present case we consider one of that kind.    One material allegation in the complaint is that the plaintiffs, at the time of the alleged entry of the defendants, were the owners and in possession of the mining claim sued for ; and another is that the ownership and right of possession remained in the plaintiffs up to the commencement of the action.    The defendants deny these allegations in direct and positive terms, and then proceed and amplify those denials, by alleging facts of previous abandonment and forfeiture, which, if true, would sustain the general denial.    The material and issuable fact was, not that the plaintiffs months or years before were the owners and in the possession of the claim, but that such was the case at the time of the entry of defendants ; and even if the specific facts of abandonment and forfeiture had not been set forth in the answer, the defendants clearly had a right to prove them, in support of the general denial

44

Bell *v.* Brown.

in their answer. It may be that the defendants were not justified in saying that the plaintiffs never had been the owners or in the possession of the claim, yet it might still be true that they were not the owners or in the possession at the time of the entry by defendants. Because they were mistaken as to an immaterial fact, they should not be precluded from proving the material fact in issue, by any legal evidence supporting their denial. The proof of abandonment and forfeiture of the property by the plaintiffs, prior and up to the time of the entry, was direct evidence in support of the general denial. We cannot see how the plaintiff was injured by having these facts fully set forth in the answer. It advised him of the character of defendants' proof upon the main point in issue, and to that extent it was a benefit to them. The Court erred in compelling the party to elect, and in excluding the evidence of abandonment and forfeiture.

The judgment is therefore reversed, and the cause remanded for further proceedings.