Monell, J.
Whether this action is one, which, prior to the Code, would have been denominated an action of trover, or an action of trespass de bonis asportatis, is quite immaterial. The Code has abolished, not only the distinctions, but also the names of actions ; and there is now but “ one form of action,” which is denominated a u civil action.” (Code, § 69.) One general rule of pleading now applies to all actions. The pleader must state the facts constituting the- cause of action or defense. Fiction is no longer allowed in a pleading.
The complaint alleges that on the 19th of October, 1858, he plaintiff becamé the owner of the property alleged to have been converted by the defendants. The defendants in their separate answers, after denying the plaintiff’s ownership of the property, allege, that the defendant Ogilvie “ is the owner and possessor of said property, and has been such owner and possessor ever since a long time prior to the alleged acquirement of ownership and possession thereof by the plaintiff.”
The motion is, that the defendants be required to make their answers more definite and certain, as to the time when the defendant Ogilvie became the owner and possessor of the property.
The 160th section of the Code, provides that when the allegations in a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the *614 court may require it to be made more definite and certain by amendment.
In actions for the Wrongful taking of personal property, the time, of taking is not essential, provided it be before the com-' mencement of the action, (Graham’s Pr. 2d ed. 211 ;) hence, it is sufficient to allege ownership in the plaintiff, and the taking by the defendant, át any time before suit brought. When a day certain is averred in the complaint, it is sufficient for the defendant, in alleging title in himself to state that he became such owner) at or prior to such day. The precise day is not necessary, and it is enough, I think, if the answer alleges that the defendant, at the time stated in the complaint, and for a long time prior thereto, was the owner. Under such an answer the defendant would be permitted to prove ownership at any time before suit brought. Can it be said) then, that the answer before me is so indefinite or udcertaih, that the precise nature of the defense is not apparent ? I think not. The defense is, ownership in the defendant “a long time prior” to the plaintiff’s alleged title. Under this issue, the defendants can' show title out of the plaintiff before the commencement of suit, by showing title in Ogilvie, at any tirrie prior thereto. The pleader has not been very felicitous in stating the' facts j but I think enough appears to render the nature of the defense apparent. '
The defendants, for a “third” defense, allege that the plaintiff claims the property under a bill of sale from one Samuel R. Bryant; that neither the bill of sale, nor the property was ever delivered to the plaintiff; that Bryant, at that time, was unable to pay his debts, and that he executed the bill of sale, upon an insufficient consideration, and with intent to defraud his creditors. The answer then' alleges, that Bryant died in July, 1861, intestate) and that the defendants, in October, 1862, were appointed to administer upon his estate; and that although the defendant Ogilvie was 'the owner of said property, he was disposed to sell the same for the benefit of the creditors of said Bryant, who died insolvent, and “ consequently the defendants took possession of, and aré disposing *615 of said, property, in virtue of their right and authority as administrator and administratrix in the premises, and subject to the duties pertaining to such office.”
The motion, although presented in two aspects, is in effect to strike out this defense as irrelevant or as being inconsistent with the previous defense pleaded.
Standing by itself, is this “ third ” defense irrelevant ? The statute, (Laws 1858, ch. 314, § 1,) provides that any admin7 istrator of an insolvent estate, may, for the benefit of creditors, disaffirm, treat as void, and resist all acts done, transfers and agreements made, in fraud of the rights of any creditor, including themselves and others.
. Before this statute, it was held, (Babcock v. Booth, 2 Hill, 181,) that the fraudulent transfer of property made by an intestate, could be treated as absolutely void by the administrator, after his death, and a recovery could be had against the vendee in an action of trover. The statute, therefore, is but an enactment of the common law doctrine on the subject.
The bill of sale from Bryant to the plaintiff, inter partes, is valid. Its production and proof of execution and delivery, is all the plaintiff is required to show, to establish title in herself. But the defendants, representing the creditors of the insolvent and intestate vendor, may, as we have seen, disaffirm, treat as void and resist the alleged fraudulent transfer. And-it makes no difference whether the administrators became the actors in a proceeding to treat as void the transfer, and to recover the property, or having obtained possession of it, resist any attempt to recover either its possession or its value by the fraudulent vendee. In either case, the right of the persons representing the creditors is the same ; and they can successfully resist a recovery, if they can establish, satisfactorily, the . fraudulency of the transaction.
The “ third ” defense, therefore, standing by itself, is -not irrelevant.
In the view I have taken of the second objection to the “ third” defense, namely, that it is inconsistent with the previous defense pleaded, it is not necessary for me to determine *616 whether clearly inconsistent defenses may or may not he set up by a defendant.
The Code, (§ 150,) allows a defendant to set forth as many defenses as he may have, and there is no provision of law. that authorizes the court to strike out defenses merely because they are inconsistent. The test of an inconsistent defense, seems to be its truth or falsity. (Stiles v. Comstock, 9 How. Pr. 48. Ostrom v. Bixby, Id. 57. Hollenbeck v. Clow, Id. 289.) If it is false, it may be stricken out as sham; if it is true, it cannot be stricken out as inconsistent.
The defendants, under their answers as a whole, maj, first, put the plaintiff to the proof of her title ; second, show title out of the. plaintiff, and in the defendant Ogilvie ; and third, title in themselves through Ogilvie. In showing title out of the plaintiff, they may attack her bill of sale ; and if successful, defeat her action. In a recent case, in this court, (Huntington v. Douglas, not reported,) the general term held, that a defendant to disprove conversion, might prove that at the time of the demand the property was not in his possession, and had been taken out of his possession by a third person claiming to own it; and this was under an answer, setting up title in a third person, and also title in the sheriff under an attachment, two apparently inconsistent defenses. So the defendants may show title in Ogilvie or in themselves. Either would be a defense to ’ the action. If they fail in this, they may still “treat as void” the bill of sale, and disaffirm the transfer. Their being sued as individuals does not prevent their claiming to have acted in their representative characters and capacity, which I think they have sufficiently done in their answers.
That the “third ” defense, detailing the facts at greater length than is necessary, renders it obnoxious to the objection of redundancy suggested in the moving papers, may be. But it is not the duty of the court to reform or redraw the pleading. The counsel should have pointed out in his notice of motion the redundant matter, that the court might have put its finger upon it.
The motion must be denied, with $10 costs of opposing.