## Case No. 708.

### BACHMAN v. EVERDING et al.

[1 Sawy. 70.][1]

District Court, D. Oregon. March 21, 1870.

PLEAS—WHEN MAY BE STRICKEN OUT— SEPARATE PLEAS CANNOT HELP OR DESTROY ONE ANOTHER.

1. A plea false upon its face, may be stricken out. but this falsity cannot be shown by comparing it with another plea or defense in the same answer.

[Cited in Witherell v. Wiberg, Case No. 17,-917.]

2. A plea which expressly, or in effect, admits the plaintiff's cause of action, cannot be stricken out as frivolous.

3. A motion to strike out is not allowed, if matter properly pleaded is included in it.

4. A defendant may plead separately as many distinct defenses as he may have, and one cannot be taken to help or destroy the other.

[Cited in Bank of British North America v. Ellis, Case No. 859.]

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

[At law. Action by Joseph Bachman, trustee of Kattenhorn, against H. Everding and Edward Bebee, for money had and received. Heard on plaintiff's motion to strike out defendant's answer, and for judgment. Motion denied, with costs.]

J. W. Whalley, for motion.
Erasmus D. Shattuck, contra.

DEADY, District Judge. This is an action for money had and received. It was commenced February 24, 1870. The complaint alleges that on August 28, 1869, Kattenhorn was adjudged a bankrupt in this court, and that, thereafter, such proceedings were had thereon, that the plaintiff on October 14, 1869, was confirmed by this court as trustee of said estate, and is still such trustee; and that said defendants on September 4, 1869, received from the firm of Everding & Co., of San Francisco, $374.47 gold coin, for the benefit of said bankrupt's estate, and to the use of this plaintiff; and afterwards, the plaintiff demanded payment of said money from said defendants, which demand defendants refused, and that, by virtue of the premises, there is now due to the plaintiff the sum aforesaid, in gold coin.

On March 2, defendants demurred to complaint, because the same did not state facts sufficient to constitute a cause of action.

After argument the demurrer was overruled; and on March 10, the defendants filed an answer. The answer contains two separate pleas or defenses:

First—A denial that the defendants on, etc., received the sum aforesaid or any other sum from Everding & Co., of San Francisco, or "that the same or any other sum was received by them for the benefit of the estate of said Kattenhorn, or for or to the use of the plaintiff."

Second—That said Everding & Co., about September 4, 1869, did "credit to defendants the said sum of $374.47, received by them from the sale of property belonging to Kattenhorn before his bankruptcy, "which property was sold by E. & Co." before August 28, 1869; and that about said day in September "said sum of $374.47 of the proceeds of said sale was placed to the credit of these defendants by said E. & Co."

On March 14, plaintiff moved to strike out the answer and for judgment. which motion was then argued and submitted.

The grounds specified in the motion to strike out are that the answer is sham and frivolous. In argument, counsel maintained that the first plea was shown to be false by the second one. That both could not be true. That the second one admitted what the first one denied—the receipt of the money belonging to the estate of which the plaintiff is trustee; and that the second one being in contemplation of law an admission of the cause of action, is therefore frivolous.

Under the Code, as under the statute of 4 Anne, a defendant is entitled to plead as

many defenses to an action as he may have; and one cannot be taken to help or destroy another, but each must stand or fall by itself. Gould, Pl. 432; Jackson v. Stetson, 15 Mass. 58, note a; Bell v. Brown, 22 Cal. 671; Ketcham v. Zerega, 1 E. D. Smith, 560.

A plea is called sham when it is palpably false on its face. But this falsity cannot be shown by comparing it with another plea or defense in the same answer. Otherwise the privilege of pleading several defenses would, in practice, be restricted within very narrow limits, for fear of one being considered by implication of law to contradict the other. The admissions in each plea or defense, if any, are to be taken as made only for the purpose of the issue made or tendered by it.

In this view of the matter, there is no ground for saying that the first plea is false and therefore sham. It is a mere denial that the money was received to the use of the plaintiff, and for aught that appears may be true. Besides, the motion being to strike out the whole answer as sham, is too broad. A motion to strike out, like exceptions for impertinence in chancery, is not allowed, if any of the matter included in it is properly pleaded.

The application to strike out the whole answer on the ground that the second plea is frivolous. is open to the same objection.

Nor do I consider such second plea frivolous. Admit the claim of the plaintiff, that the plea is merely an admission that the money in question was received by the defendant to plaintiff's use, may not a party defendant expressly admit the plaintiff's cause of action by his answer, as well as impliedly so by nil dicit—a failure to answer?

Where no other defense is made than by a plea which the plaintiff conceives to be in legal effect a confession of the cause of action, he should move for judgment on the pleadings, and not to strike out. Motion denied with costs.