Day, Chief Judge.
The action was brought on a promissory note. The defendant pleaded two defenses: 1. That *601 he did hot make the note; 2. That there never was any consideration for the note.
On motion of the plaintiff, the court required the defendant to elect upon which defense he would rely. In this we think the court erred. The code provides that the defendant may set forth in his answer as many grounds of defense as he may have. This privilege has no limitation except what is implied in the provision requiring pleadings to be verified by oath.
It is claimed that want of consideration can be pleaded only by way of confession and avoidance, and that therefore the second defense is necessarily- inconsistent with the first. But the making of the note is not expressly admitted in the second defense.
It can be regarded as admitted only by implication of lawr, as a mere technical supposition on which the defense proceeds, and not as an admission in fact. Nelson v. Brodback, 44 Missouri, 596 ; Bell v. Brown, 22 Cal. 671. Nor does the implied admission include any, matter of fact on which the second defense is based. Under the provisions of the code, it is only necessary to state the facts constituting a defense, and it is only such statement that is to be verified by oath. Itis neither essential to state, nor to verify, what is implied by law. The confession, implied in the second defense, of the truth of the petition does not, then, eomé within the only limitation of the code against joining even inconsistent defenses in the same answer. A contrary construction would make the section of the code requiring a verification of pleadings, in all eases where ageneral denial is pleaded, defeat the section allowing the defendant to plead as many defenses as he may have, although the facts constituting the defense be not inconsistent with the denial. Such a construction of the code would work great injustice to a defendant who, among several defenses, has at least one good defense to the action, and yet, through some accident incident to a trial, he may be defeated by reason of his being confined to one. This would be clearly contrary to the policy and spirit of the code.
*602 Since, then, the right of the defendant to plead any number of defenses in the same answer, is limited only by the necessity of their being verified by oath, it follows that those may be joined which can be verified by oath without swearing falsely.
The true rule, then, would seem to be, that the defendant can be required to elect between defenses only where the facts stated therein are so inconsistent, that if the truth of one defense be admitted it will disprove the other.
In the case before us, this inconsistency does not exist, for it may be true that the defendant did not make the alleged note,' and that there was no consideration therefor. Proof that would sustain one of the defenses would not necessarily disprove the other. On the contrary, the admission of the truth of either defense would tend to sustain the other.
The distinction sought to be taken between this case and that of the Citizens’ Bank v. Closson, 29 Ohio St. 78,‘is not tenable. The principles recognized in that case we regard as decisive of this.
The view we have taken of the ease is sustained by the weight of judicial authority in other states having statutes like our own. Nelson v. Brodback, 44 Mo., 596; Bell v. Brown, 22 Cal. 671; Hopper v. Hopper, 11 Paige, 46; Springer v. Dwyer, 50 N. Y. 19; Buhler v. Wentworth, 17 Barb. 649; Mott v. Burnett, 2 E. D. Smith, 50; Weston v. Lumley, 33 Ind. 486; Derby v. Gallup, 5 Minn. 119.
Upon the trial, signatures of the defendant were offered by the plaintiff as standards of comparison, to be used by experts called as witnesses to testify as to the genuineness of the signature to the note in question. Among them was a receipt purporting to be signed by the defendant; but the witness stated that the defendant had given him a receipt, but that “ he could not positively say that the receipt was the identical receipt which had been given him by IT. S. Pavey, but that it looked very similar to it.” This evidence was too uncertain to warrant its admission as a standard of comparison. Such standards, unless admit *603 ted to be genuine, must be “proved clearly and beyond a reasonable doubt;” for no question should remain as to the existence of the fact which is admissible, not as evidence pertinent to the issue, but only as a foundation for such evidence. This can be attained only by strict adherence to the rule laid down in Boggs v. Colwell, 19 Ohio St. 407, which is as follows : “ Though standards of comparison may be used by experts called as Avitnesses, upon the trial of an issue as to the genuineness of a signature, yet the standard of comparison, when not a paper already in the case or admitted to be genuine, must be clearly proved by persons who testify directly to its having been written by the party.”
But it is said that all the evidence in regard to the genuineness of the receipt is not shown by the record. Eor aught that appears that may be so. "We can not, therefore, say that the court erred in admitting the receipt to be used as a standard of comparison. Before a judgment can be reversed for such error, the record must show all the evidence upon which the signature offered was admitted as a standard of comparison.
As to the question argued in regard to the revivor of the proceeding against the representative of the deceased defendant in error, we deem it only necessary to say, that the plaintiff in error made a sufficient showing, to authorize the making of such representative a party, under the 39th section of the code. Upon the authority of Carter v. Jennings, 24 Ohio St. 182, and of Black v. Hill, 29 Ohio St. 86, an order was made allowing the case to be continued against such representative, although more than a year had elapsed from the death of such defendant to the time of making the application for a revivor.
.Eor error of the court in requiring the defendant below to elect upon which of his two defenses he would proceed to trial, the judgment mu3t be reversed, and the cause remanded for a new trial.

Judgment accordingly.