ROZELL W. OWENS, RESPONDENT, v. MANLY LOOMIS AND WILLIAM BARDEAU, APPELLANTS.

*Second action for the same cause — when a former one is not pending, so as to prevent the prosecution of the second action.*

In September, 1876, the plaintiff attempted to commence an action against the defendants herein, but by mistake omitted to state the proper name of one of the defendants in the summons and complaint served. Subsequently, on motion of the attorney for the other defendant, an order was made setting aside the complaint, with ten dollars costs, directing the summons to be amended by adding the name of the defendant improperly named and allowing the plaintiff to serve an amended complaint and a copy of the amended summons within ten days, upon payment of ten dollars costs. The plaintiff did not pay the ten dollars costs, or serve the amended summons and complaint, though more than ten days elapsed since he was served with notice of the entry of the order.

This action was brought against the same defendants for the same cause of action stated in the former complaint. *Held,* that the former action was not pending at the time of the commencement of the second action so as to prevent the prosecution of the latter.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was commenced January 29, 1877.

The complaint alleged that the defendants wrongfully took and converted the plaintiff's buggy, and that the value thereof was $150. The taking and conversion and the value of the buggy were admitted on the trial, and found by the referee to be as stated in the complaint.

The answer contained no denial of the allegations of the complaint, but alleged "that, at the time of the commencement of this action, there was and still is another action pending and undetermined in the Supreme Court, in and for the county of Jefferson in this State, between the same parties as this action, and for the same cause as that set forth in the complaint herein."

It appeared by the evidence that in September, 1876, the plaintiff caused a summons and complaint to be issued in Jefferson county, against " Manly Loomis and —— Ladeau," defendants, and sent them to Erwin, with instructions to serve them after filling in the proper name of the constable, he being the defendant

referred to by the name of Ladeau. The proper name of this
defendant was William Bardeau.

There was a mistake made and the proper name of this
defendant was not stated in the copy summons and complaint
served on the defendant Loomis.

The attorney of defendant Loomis made a motion to strike out
the complaint because of the variance.

The motion was brought on at a Special Term, in Oneida county,
October 31, 1876, and counsel heard, and the court ordered that
the complaint be and the same was *set aside*, with ten dollars
costs ; also ordered, that the summons be and *it was* amended by
adding the name of another defendant, and that plaintiff have
leave *to serve* an amended complaint with a copy of said summons
so amended, " by addition of the name of the additional defend-
ant," on A. E. Kilbey, Esq., attorney for defendants, " in ten days
from the date on payment of ten dollars costs." The order was
entered and notice of it was given to plaintiff November 4, 1876.

It did not appear that the complaint was amended or reserved,
or the summons served on Kilbey as the order allowed.

*S. R. Pratt*, for the appellants.

*Whiting & Moore*, for the respondent.

Hardin, J.:

The single question brought up by the appeal in this case is,
whether there was a former suit pending for the same cause of
action between the same parties, at the time this action was com-
menced, and therefore it was claimed that the plea in abatement
was established and was a defence.

Formerly such a plea could not be joined with a defence upon
the merits. But since the Code of 1848 it has been settled that
such a defence may be joined with one upon the merits. (*Sweet*
v. *Tuttle*, 4 Kern., 465; *Gardner* v. *Clark*, 21 N. Y., 399.)

The effect of the order of the Special Term of October 31,
1876, was to set aside the complaint in that action, and render it
necessary for the continuance of the action that an amended com-
plaint be served within ten days ; the omission to amend and

serve left the order effectual so far as it set aside the complaint. Again, the effect of the order was to declare the original summons defective, and to amend it so that it would contain the name of one of the defendants named in this action. It, in effect, declared that he was named as a defendant in the original papers so as to make him a defendant in that action. Though the order in terms declared the summons amended, nevertheless it imposed a condition upon the plaintiff to serve a copy of the summons, as amended, upon Mr. Kilbey, within ten days. The omission to do so put the plaintiff in a situation where he could not avail himself of the benefit of the order, allowing a continuance of the action with a corrected summons, and a complaint in accordance with the summons. The omission of the plaintiff to avail himself of the permission within the prescribed time had the effect to render effectual the order setting aside the complaint.

The proofs, therefore, given upon the trial before the referee failed to establish that the plaintiff, at the time of the commencement of this action, had pending against *these defendants* a suit for the same identical cause of action stated in the complaint in this action, and for which the recovery was had. (*Gardner* v. *Clark*, 21 N. Y., 403.)

An order was standing in full force setting aside the plaintiff's complaint, with costs, and they remained unpaid at the time this action was commenced.

The referee correctly found that "at the time of the commencement of this action there was no other action pending between the plaintiff and the said defendants herein." (*Porter* v. *Kingsbury*, 13 Hun, 33.)

We must, therefore, affirm the judgment entered upon the referee's report.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed.