RENSSELAER WINCHELL, Appellant, *v.* ARCHIBALD SCOTT
*et al.*, Respondents.

*Court of Appeals, June 28, 1889.*

Affirming 1 N. Y. St. Rep. 614.

1. *Contract.*—Where a contract gives defendants the option to rescind
   upon plaintiff's failure to pay as therein specified, his failure to so pay
   after demand of payment and notice of an election to annul the con-
   tract, violated the contract, and he cannot thereafter enforce it.
2. *Same.*—Even though the plaintiff had the right to require the defend-
   ants to continue the contract after such failure of payment, he had no
   right to make his payment of arrearages, when demanded, conditional
   upon the assumption and continuance of such contract by an independ-
   ent corporation, though all or some of the defendants were stock-
   holders and trustees in the new company in connection with other
   persons.

*B. Doran Killian*, for appellant.

*William G. Cooke*, for respondents.

POTTER, J.—This is an appeal from a judgment of the
general term of the court of common pleas of the city of
New York, affirming the judgment of that court rendered
upon the report of a referee, dismissing the complaint, with
costs.

The action was brought to recover damages for an alleged
breach of a contract between plaintiff and defendants, made
March 5, 1868, for the delivery of ice by defendants to
plaintiff, for five years. The damages are alleged to have
arisen in consequence of the plaintiff having been compelled
to pay a price for ice for the last four years of the period of
five years, considerably above the price provided in the con-
tract. The contractual period expired: April, 1873. The
action was commenced in 1875, and the damages are

alleged to have amounted to the sum of $36,000. The defense was that the contract provided that in case the plaintiff failed to perform his obligations under the contract, to pay weekly, for the ice delivered, the defendants had an option to declare the contract thereafter void; that the plaintiff failed to pay for ice delivered from October, 1868, to January, 1869; that payment therefor was duly demanded on the 10th day of March, 1869; that plaintiff made default in payment, and that the defendants, on the 10th of March, 1869, gave the plaintiff a written notice that they elected to assert their option to declare the agreement null and void.

The action was referred, by consent, to a referee, who reported that the plaintiff was owing the defendants on January 1, 1869, the sum of $176.75, for ice delivered subsequent to the seventeenth day of the preceding October, and that the defendants exercised their option on the 10th of March, 1869, to annul the contract, and that they had the right to do so by reason of the plaintiff's default in payment of the ice received by him.

The accounts, dealings, payments, demand of payment and failure to comply with such demands, etc., were very fully investigated upon the trial before the referee.

The plaintiff is seeking to enforce the contract, and must, therefore, show that it was valid and obligatory upon the defendants at the time that he alleges the defendants broke it.

The referee has found that the plaintiff had not paid for the ice delivered to him by defendants, between October 17, 1868, and January 1, 1869, and that payment was demanded of the plaintiff on the 10th day of March, 1869, and that he failed to comply with the demand and did not, in fact, pay the balance he owed defendants, until the month of June, 1871.

The contract provided that the plaintiff should pay for the ice received by him weekly, and, further, that if he

fails to perform his obligations, then, at the option of the defendants, the agreement should be null and void, and the referee finds, as facts, the failure of the plaintiff to comply with the demand of payment, and that defendants served written notice upon the plaintiff that they elect to declare the agreement null and void from the date of the service of such notice. The referee also finds that it was the custom of defendants to send bills of ice delivered weekly, and also personally to demand payment of plaintiff, and that defendants had continued to deliver ice from October 17 to December 31, 1868, notwithstanding plaintiff's failure to pay, and in this way it may be conceded the defendants had waived payment and the right to declare the contract annulled for non-payment. But, upon the tenth of March, the defendants made demand of payment; gave him notice in writing of their election to annul the contract. The plaintiff's failure to make payment after such demand violated his obligation under the contract. Perhaps the plaintiff, if he had paid the sums in arrear, or offered to pay the same when demanded of him, on the tenth of March, might have prevented the annulment of the contract. But the plaintiff neither tendered payment or offered to pay the bills in arrear, unconditionally. On the contrary, he offered to pay the arrearages upon the condition that the Washington Ice Company (into which the defendants, or some of them, with others, had become changed) would assume and continue the contract made between the plaintiff and the defendants.

The plaintiff, even if he had the right to require the defendants should continue the contract after such failure of payment, had no right to require this condition of an independent corporation, although all or some of the defendants were stockholders and trustees in the new company embracing others than the defendants.

The plaintiff under the contract was only entitled to have the obligation of the defendants to deliver the ice.

I think this view is well sustained in the cases of Gardner *v.* Clark, 21 N. Y. 399; Studer *v.* Bleistein, 48 Hun, 577; 16 N. Y. State Rep. 146.

Indeed, I have not been able to discover in the findings of the referee, or in plaintiff's requests upon him to find, that the plaintiff has at any time since payment was demanded and refused, and the notice of defendants' election to annul the contract was given, that the plaintiff has sent his wagons to defendants' depot for ice or demanded of them there any ice whatever under the contract he is seeking to enforce.

There was some evidence and findings in relation to the change of some of the defendants with other persons into another organization, and that the defendants transferred their assets, etc., at a certain period of this other organization, and that this other organization furnished some of the ice which plaintiff received under the contract in question. But those matters have nothing to do with the merits of this case. There were some exceptions taken to evidence upon these matters, but I do not think them well taken, nor that they at all affect the question involved in this action. I do not perceive any error in the referee's conclusions of fact or of law, or in his methods of reaching them.

The judgment should be affirmed, with costs.

All concur.