BRAITSCH v. KIEL & ARTHE CO.

(Supreme Court, Appellate Term. February 5, 1909.)

1. SALES (§ 81*)—DELIVERY—TIME.

The time of delivery, specified in an order for goods to be used in manufacturing, is of the essence, so that recovery of the price, on a late tender of delivery, can be had only on proof of a waiver or estoppel.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 217; Dec. Dig. § 81.*]

2. SALES (§ 176*)—LATE DELIVERY—ESTOPPEL.

Defendant ordered goods of plaintiff by three separate orders; the last only providing for deliveries on September 15th and October 15th. On October 2d, after time for delivery under the first two orders had expired, defendant wrote plaintiff not to make up the goods ordered for October 15th till further notified of time to ship, and asked when balance of goods ordered for September 15th could be expected. *Held*, that defendant was not thereby estopped to object to subsequent late tender of delivery under the prior orders.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 436–439; Dec. Dig. § 176.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. SALES (§ 177*)—DELIVERY—TENDER.

    A tender of delivery being improper, in that it included goods, time for delivery of which was passed, the purchaser was not obliged to sort out those which were in time, but could reject the whole lot.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 445; Dec. Dig. § 177.*]

4. SALES (§ 180*)—LATE DELIVERY—WAIVER.

    Defendant, who made separate orders of goods of plaintiff, did not by accepting a shipment of a portion of one order after expiration of time for delivery thereof waive right to object to late tender of delivery of the other orders.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 471; Dec. Dig. § 180.*]

5. SALES (§ 194*)—BREACH OF CONTRACT.

    Defendant who made separate orders of goods of plaintiff did not by failure to pay promptly money due under one order breach the other contracts.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 508; Dec. Dig. § 194.*]

    Appeal from Municipal Court, Borough of Manhattan, First District.

    Action by Charles P. Braitsch against the Kiel & Arthe Company. From a judgment dismissing the complaint, at the close of plaintiff's evidence, on a trial without a jury, plaintiff appeals. Affirmed.

    Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

    Spencer, Ordway & Wierum (Otto C. Wierum, Jr., and Enos Throop Geer, of counsel), for appellant.

    Rounds, Hatch, Dillingham & De Bevoise, for respondent.

    GIEGERICH, J. The action is brought by the assignee of W. J. Braitsch & Co. to recover damages for the breach of certain contracts for the purchase of umbrella handles. The plaintiff's assignors were during the period in suit manufacturers of umbrella handles, and the defendant company was a manufacturer and dealer in umbrellas. On January 23, 1907, March 25, 1907, and August 14, 1907, the defendant ordered from the plaintiff's assignors various amounts of these handles.

    On the face of the order of January 23d was written:

        1 pc. of each at once
        7  "  "  "   June 20th
        Balance not later than Oct 1st.

    On the order dated March 25th the following was written:

        3 each June 1st
        4  "  July 1st
        Balance before Oct 1st.

    The order of August 14th contained this provision:

        One-half September 15th or sooner
        One-half October 15th or sooner.

    On November 8, 1907, the plaintiff's assignors shipped to the defendant certain of the handles specified in these three orders. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant refused to receive this shipment on the ground that it was too late under the contracts. The plaintiff's assignors then proceeded to sell this lot at auction on behalf of the defendant, and their assignee now sues for the difference between the contract price and the amount obtained at the auction..

As delivery of the goods at the specified time is an essential and not a collateral term in mercantile contracts of this sort (Norrington v. Wright, 115 U. S. 188, 203, 6 Sup. Ct. 12, 29 L. Ed. 366; Pope v. Porter, 102 N. Y. 366, 371, 7 N. E. 304; Burdick on Sales, § 251; Clark on Contracts, pp. 598, 670, note) the plaintiff, in order to recover on this late tender of delivery of the shipment of November 8th, is bound to prove a waiver or an estoppel.

To prove estoppel the plaintiff relies on a letter of October 2, 1907, from the defendant to the plaintiff's assignors. This letter was as follows:

"New York, Oct. 2nd, 1907.

"W. J. Braitsch & Co., Providence, R. I.

"Gentlemen:  Don't make up the goods ordered in for Oct. 15th, until we notify you when to ship, also kindly let us know by return mail when we can expect the balance of the goods ordered in for Sept. 15, as we are greatly in need of same.

"Yours truly,                                   Kiel & Arthe Co."

Without going into the question whether or not this letter estopped the defendant from objecting to the lateness of shipment of goods ordered for October 15th, it is sufficient to say that about one-half of this shipment of November 8th was comprised of handles ordered on January 23d and March 25th. The handles included in these two orders should have been delivered on October 1st at the latest, and there was no evidence that the defendant had ever assented to a later delivery. Conceding that the letter of October 2d estopped the defendant from objecting to the late delivery of the handles ordered for October 15th, it certainly contained nothing which precluded it from objecting to the late delivery of those ordered for a date already past. Assuming, then, without conceding that, when the shipment of November 8th was tendered, the defendant would have been obliged to accept those handles ordered for October 15th, it was certainly not obliged to accept on that date a shipment, one-half of which was composed of handles which it clearly had the right to reject. It was not obliged to receive this shipment and sort out the handles, keeping those ordered for October 15th and returning those ordered for October 1st. Since the tender was an improper one, it had the right to reject the whole lot. Flint, Eddy & Co. v. Standard Rope Co., 52 App. Div. 459, 464, 65 N. Y. Supp. 238; Croninger v. Crocker, 62 N. Y. 151, 157; Benjamin on Sales (7th Ed.) pp. 709, 710.

The plaintiff contends that the defendant, by accepting on October 6th a shipment containing the handles ordered in the contract of August 14th to be shipped on September 15th, thereby waived the right to object to the lateness of other shipments. The same objection applies to this contention as to the other one. If we assume that by accepting a shipment of a portion of the order of August 14th after the same was due the defendant thereby waived its right to

object to the lateness of the other portion of this order, it does not follow at all that the defendant thereby lost its right to object to the late tender of delivery of the orders of January 23d and March 25th. These orders were separate and distinct contracts, and a waiver as to one would plainly have no effect upon the other two, under which the plaintiff was already in default. Gardner v. Clark, 21 N. Y. 399, 404.

In regard to the claim of the plaintiff that the defendant first broke these contracts by failure to pay for a shipment when due, and consequently that the breach of his assignors ought to be excused, it is sufficient to say that there is no evidence in this case of any failure of the defendant to make any payment when it became due. According to the contracts in suit, payments under them were due 40 days after the date of shipment. Now, the only shipment shown to have been made under these contracts was the one of October 6th. Payment for this one was not due therefore until November 25th, which was after the date of the shipment in question. But, even if the defendant had failed to pay promptly the money due on some other contracts, that could not be construed to be a breach of the contracts in question.

Therefore, since the plaintiff by his own case has failed to show due performance of the contract by his assignors, and also failed to show any waiver or estoppel which precluded the defendant from setting up this failure to perform, the trial court did not err in dismissing the complaint.

The judgment should therefore be affirmed, with costs. All concur.