(25 App. Div. 218.)

HERGERT v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. January 21, 1898.)

1. STREET RAILROADS—RIGHT OF WAY OF CAR.

The car of a surface-railway company, in approaching a cross street, has no right of way superior to that of the driver of a wagon who is there about to cross the car tracks, and, if they are likely to meet, the right of each must be exercised with due regard to that of the other, the duty of each being the same as would be imposed upon the drivers of any other two vehicles in the same situation.

2. DAMAGES—PLEADING—PERSONAL INJURIES.

In an action to recover damages from defendant's negligence, the complaint, after alleging a collision between plaintiff's wagon and defendant's car, set forth particularly all the injuries received, but said nothing about resulting deafness, or any injury to plaintiff's ear. It also contained the clause, "and otherwise very seriously injuring and shocking his system," and alleged that the injuries, "as aforesaid, are of a permanent and lasting character, and that he may never be able to use his left arm and shoulder," etc. *Held*, that these allegations, relating specifically to other matters, did not warrant the admission of evidence of plaintiff's loss of hearing, which was in the nature of special damage.

Appeal from trial term.

Action by Frederick Hergert against the Union Railway Company of New York City. From a judgment entered on a verdict and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Nathan Ottinger, for appellant.
Ernest M. Welch, for respondent.

RUMSEY, J. The action is brought to recover damages for injuries which the plaintiff alleges he sustained on account of the negligence of the defendant. The road of the defendant is located upon Third avenue. It was made to appear that on the 3d of July, 1894, at about half past 6 o'clock in the morning, the defendant was about to cross Third avenue at 169th street. As he approached the uptown track of the defendant's road, he looked to see if it was safe for him to cross, and seeing, about 150 or 175 feet away, a car of the defendant's coming towards him from downtown, he proceeded to go across the track. He was driving a pair of horses attached to a beer wagon, and in going across the track he went slowly, and did not attempt to hasten the speed of his horses, but kept upon a walk. There was nothing to prevent the motorman from seeing the plaintiff on his wagon as he crossed the track, and the jury might have found from the evidence that the motorman made no effort to stop the car or to check its speed until he came so close to the plaintiff's wagon, which was still upon the track of the road, that he was utterly unable to do so, and the car crashed into the wagon, the shock throwing the plaintiff from his seat, and causing him serious injuries. For these injuries he recovered the judgment which is appealed from here.

It is claimed by the appellant that there was no negligence on the part of the defendant, and that the plaintiff was guilty of contributory negligence, if not in attempting to cross the track in front of the approaching car, at least in attempting to cross without urging his horses to greater speed than that at which they were pursuing their way at the time when he came in sight of the car. In both of these claims we think the defendant is mistaken. The plaintiff was crossing the track of the railway company, and not going along the street upon it, and, under such circumstances, the railway company had no superior right to that of the plaintiff. His right to cross the track was precisely the same as the right to the defendant to drive its car along the track on Third avenue. If they were likely to meet, the same duty was imposed upon them with reference to each other as would be imposed upon the drivers of any other two vehicles in the same situation. The right of each must be exercised with due regard to that of the other, and in a reasonable and careful manner, so as not to interfere with that right. If, when the plaintiff approached the track, he was near enough so that it was likely that he would be able to cross without interfering with the street car which was approaching, he was at liberty to do so, precisely as he might have done had the street car been another truck, and whether he used reasonable care in attempting to cross, under the circumstances, was a question of fact to be submitted to the jury. So with regard to the defendant's motorman. If the plaintiff in crossing the track obtained the right of way, so that it was necessary to check the speed of the car to prevent it crashing into the truck, it was the duty of the motorman to use reasonable care to moderate the speed of his car to avoid a collision. Under the circumstances disclosed in this case, it was quite clear that the finding of the jury that the defendant was guilty of negligence was amply sustained by the evidence. O'Neil v. Railroad Co., 129 N. Y. 125, 29 N. E. 84; Buhrens v. Railroad Co., 53 Hun, 571, 6 N. Y. Supp. 224. The case was properly submitted to the jury, and their verdict was amply sustained by the evidence.

In the course of the trial, however, the plaintiff was asked the following question, "What is the condition of your hearing at the present time?" It was objected to upon the ground that there was no allegation concerning it in the complaint; that it was in the nature of special damage, and was not pleaded. The objection was overruled, and the defendant excepted, and the plaintiff answered that he had entirely lost his hearing in one ear. It is insisted by the defendant that this evidence was inadmissible, and it is quite clear that, if it was not properly admitted, it was of such a nature that it might well be said to do great harm to the defendant, because the proof brought out in response to the question tended to establish that the plaintiff had received a very serious injury, upon which the jury might well have based a considerable amount of their award of damages. There can be no doubt that the deafness which, in response to this question, was shown to have been the result of this accident, was in the nature of special damage. Although a natural, it was not a necessary, result of the act complained of by

the defendant or of the injury received, and it was not implied by the law. Stevens v. Rodger, 25 Hun, 54. Consequently it should have been pleaded, and, the objection that it was not pleaded having been taken, it was error to admit it, unless the pleading was broad enough to permit that proof to be given. The complaint, after alleging the collision by which the plaintiff was thrown to the pavement, states particularly all the injuries which he received, but nothing is said about deafness or any injury to his ear. That paragraph of the complaint, however, closes, after mentioning a large number of other injuries, with these words: "And otherwise very severely injuring and shocking his system." Subsequently in the complaint there is an allegation that the injuries sustained by the plaintiff, "as aforesaid, are of a permanent and lasting character, and that he may never be able to use his left arm and shoulder with the same efficiency as before he was injured." There is no doubt that these allegations in the complaint are sufficient to warrant the plaintiff in making proof of permanent injury which he received; but the proof to be made is to be limited to the permanent injury which is alleged in the complaint, and the fair inference from the allegations of the complaint is that the permanent injury of which he complained was due to the fact that he would not be able to use his left arm and shoulder with the same efficiency as before. No other injury is suggested, and the defendant, when it went to trial, had no reason to suppose, from anything stated in the complaint, that proof would be given of any other permanent injury than that which is alleged. The plaintiff insists that the evidence is competent, within the rule laid down in the case of Ehrgott v. Mayor, etc., 96 N. Y. 264. In that case the allegations as to injury were broad enough to permit the plaintiff to prove almost anything that could possibly happen to anybody, and, under those allegations, he was permitted to give proof of an injury to his spine. In holding that such evidence was admissible under the complaint, the court say that the allegations were sufficient to authorize proof of any bodily injury resulting from the accident, and, if the defendant desired that they should be more definite, he could move to have them made more specific or for a bill of particulars. But in this case the allegations were definite, and, if the defendant had moved for a bill of particulars, it would have been met with the assertion that the allegations of the complaint pointed out precisely the nature of the permanent injury from which the plaintiff suffered. The plaintiff, therefore, having put upon the record the precise injury of which he complained, and alleged the nature of the permanent injury from which he suffered, the defendant had no reason to believe that proof of any other injury would be offered except that which was alleged in the complaint. It was injured by the admission of the testimony to which objection was taken, and for the error in thus admitting that evidence we think this judgment must be reversed, and a new trial ordered, with costs to appellant to abide the result of the action. All concur.