### HESS v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.   March 28, 1899.)

1. NEGLIGENCE—SUFFICIENCY OF EVIDENCE.
     In an action for negligence, where plaintiff's evidence is not corroborated, and a defense is made out by disinterested witnesses, a verdict for plaintiff is against the weight of the evidence.

2. DAMAGES—PERSONAL INJURIES—PLEADING—EVIDENCE.
     In an action for personal injuries, evidence of bodily ills, not complained of in the pleadings, is inadmissible.

Appeal from trial term.

Action by one Hess against the Metropolitan Street-Railway Company.   From a judgment for plaintiff, and an order denying a new trial, defendant appeals.   Reversed.

Argued before McCARTHY and HASCALL, JJ.

Hy. A. Robinson, for appellant.
Jos. M. Williams, for respondent.

HASCALL, J.   Under the abundant and controlling authority of Pierce v. Railway Co., 21 App. Div. 427–432, 47 N. Y. Supp. 540, it is manifest that the verdict complained of herein must be set aside. In that case, exactly as in the one at bar, the plaintiff had no evidence to corroborate her on the question of defendant's negligence; but, when plaintiff rested, there was sufficient proof to carry the case to the jury.   The defendants in both cases made out defenses by disinterested witnesses, so that it may not be said that only the conductor and gripman testified in defendant's behalf.  The verdict was clearly against the weight of evidence.

We think that permitting the physician to testify, against objection, to the presence of bodily ills not complained of in the pleading of plaintiff, was error also calling for reversal.   This subjected defendant to a surprise that it could not have guarded against, since it was not called upon to meet proof of other particulars of permanent injury than those definitely stated in the complaint.   Hergert v. Railway Co., 25 App. Div. 220, 49 N. Y. Supp. 307.

Judgment and order appealed from reversed, and new trial ordered, upon condition that defendant pay to plaintiff the costs and disbursements of the former trial;  the appellant to have costs and disbursements of this appeal, to abide the event of this action.

McCARTHY, J., concurs.