## SCHROEDER v. YOUNG.

(Supreme Court, Appellate Division, First Department.   March 9, 1900.)

COMPLAINT—STRIKING OUT ALLEGATIONS.

But one definite cause of action being stated in the complaint, an action for damages from defendant's breach of duty as plaintiff's agent, in that plaintiff, being a creditor of the I. Co., gave defendant a power of attorney to settle the claim, and defendant accepted in settlement worthless securities of the N. Co., other averments, which are but statements of the evidence, should be stricken out, and likewise irrelevant allegations, unless they may be pleaded as separate causes of action, and plaintiff so wishes to plead them, in which case such causes must be separately stated and numbered.

Appeal from special term, New York county.

Action by Johannes Schroeder against John M. Young. From an order denying motion to strike out certain allegations of the complaint, or, in the alternative, to compel plaintiff to separately state and number the causes of action therein stated, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Henry G. Atwater, for appellant.
Edward A. Alexander, for respondent.

BARRETT, J. But one definite cause of action is stated in the complaint. It is alleged that the plaintiff was, in 1897, a creditor of the J. M. Young Importing Company, a West Virginia corporation, in the sum of $40,000; that he gave the defendant a power of attorney to settle this claim; that the defendant accepted in settlement thereof worthless securities of the New York China, Glass & Toy Company, knowing them to be worthless; and that, "by reason of the acts of the defendant as aforesaid, the plaintiff has sustained damages in the sum of forty-eight thousand ($48,000) dollars." Judgment is thereupon demanded for this sum. This is a cause of action at law, to recover damages caused by the defendant's breach of duty as the plaintiff's agent. All the other averments of the complaint are either statements of the evidence upon which this cause of action is founded, or statements tending to show other causes of action. Thus, all the allegations relating to the defendant's acts as a director and creditor of the importing company which led up to the giving of the power of attorney are irrelevant. The action is not to cancel the power of attorney. On the contrary, it proceeds in affirmation of it, and seeks to hold the defendant for his misconduct while acting under it. The same observations apply to the defendant's acts subsequent to the giving of the power. The allegations of the subsequent acts are largely statements of evidence tending to show the manner in which the defendant caused the loss of the plaintiff's claim, how the securities of the New York China, Glass & Toy Company became worthless, what the defendant did to help to make them worthless, and so on.

The plaintiff is not permitted thus to plead his evidence, and the defendant is clearly prejudiced thereby. He is "a party aggrieved" by such statements of evidence, within the meaning of that ex pression as used in section 545 of the Code of Civil Procedure, when he is required to admit, deny, or ignore them in an action at law. We need not go over these voluminous statements seriatim. They are all of the general character to which we have referred. Many of them would have been proper in an action in equity to set aside the settlement which the defendant made of the plaintiff's claim, or to set aside the transaction between the plaintiff's debtor and the new company, or, while affirming the latter transaction and the plaintiff's own position with relation thereto, to give value to the securities of the new company by enforcing justly the agreement between it and the importing company. These actions, however, would require a change of attitude on the plaintiff's part, and the presence of other parties defendant. It may be that even in this action, and with but the present parties, some additional causes of action against the defendant at law might be extracted from the mass of verbiage which this complaint contains. But that is exceedingly doubtful. We cannot fail to see that many of these allegations, if stated separately and as independent causes of action, would be demurrable. Some of them would be causes of action only in favor of the importing company, or in favor of its stockholders, in case the corporation itself refused to bring the action. Others would be causes of action in equity, having no possible relation to the plaintiff's claim for damages here against the defendant. We need not, however, pursue the subject. It is sufficient to say that the plaintiff's theory that he has stated one comprehensive scheme to cheat and defraud him, and that all his allegations are relevant to that scheme and to the cause of action founded thereon, is entirely untenable. His argument treats the case as though the defendant had fraudulently received $48,000 which belonged to him, or had cheated him out of that sum, while his averment is that he has lost that sum by the defendant's misconduct in the execution of the power conferred upon him. All the allegations, therefore, which are not relevant to the cause of action to which we have referred, must be stricken out. If, however, the plaintiff wishes to plead the matter contained in these allegations as separate causes of action, such causes of action must be separately stated and numbered, as required by section 481 of the Code. We have carefully examined the notice of motion, and find that it applies to have stricken out only those allegations which are irrelevant to the one cause of action which the complaint contains. If the plaintiff is advised to make other allegations than those not included in the notice, he must separately state and number the causes of action to which they relate. The order appealed from should consequently be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.