MEYER v. YOUNG et al.

(Supreme Court, Appellate Division, First Department.　March 9, 1900.)

COMPLAINT—STRIKING OUT ALLEGATIONS.

All the allegations of a complaint tending directly to support a single and individual cause of action,—the enforcement, in behalf of a corporation and its stockholders, of the agreements and representations under which it was organized,—none of them will be stricken out, though some of them might have been safely omitted.

Appeal from special term, New York county.

Action by Friedrich Wilhelm Meyer, suing on his own behalf and on behalf of all other stock and bond holders of the New York China, Glass & Toy Company, against John M. Young and others. From an order denying motion to strike out certain allegations of the complaint, or, in the alternative, to compel the plaintiff to separately state and number the causes of action therein alleged, defendant Young appeals.　Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Henry G. Atwater, for appellant.

Fred. W. Hinrichs, for respondent.

BARRETT, J.　This action arises out of substantially the same transactions as those narrated in Schroeder v. Young (decided herewith) 63 N. Y. Supp. 110, and the facts alleged in the complaint are largely the same as those set forth in the complaint in that action.　The present suit, however, is totally different in character. Here the plaintiff, a stock and bond holder of the New York China, Glass & Toy Company, is suing in his own behalf, and on behalf of all other stock and bond holders, to compel the defendant John M. Young, and the assignee of the J. M. Young Importing Company, to "account for and turn over to the defendant the New York China, Glass & Toy Company all assets formerly of the said J. M. Young Importing Company, which, according to the true intent and meaning of the reorganization agreement and of the representations set forth in this complaint, should have been transferred to the said the New York China, Glass & Toy Company, to the end that said agreement be performed and said representations made good," and also to compel John M. Young and the other individual defendants to account for all securities received by them, either for themselves or for said Young, in excess of the latter's bona fide claim against the importing company.　In such an action allegations quite out of place in the Schroeder Case became relevant and material. The plaintiff, who was also one of the largest creditors of the importing company, has lost his claim against it through practically the same arts as were charged against the defendant by Schroeder. He acquiesces in that result, however, and brings the present equitable action to enhance the value of the equivalent which he received.　He does this by means of a stockholders' action in behalf of the china company.　The right which throughout he is attempting to vindicate is his right as a holder of the securities of the

company. An action to procure for the company what is due to it must necessarily take a much wider range than an action by a creditor of the importing company against John M. Young for sacrificing his claim. The china company was formed under and in pursuance of agreements and representations by Young, which inured to its benefit and that of its stockholders. It was to be organized in the interest of the plaintiff and all the other creditors of the importing company who were not paid by the assignee, and it was to receive all the property of that company not necessary to pay debts. The defendant John M. Young was to share equally with the others. It was thus most material to show that the company did not receive all the assets to which it was entitled, and that Young, by means of fictitious claims against the importing company, by unfairly preferring himself as a creditor, and by downright misappropriation of the securities of the china company, depreciated the value of the securities of the latter company, and diminished the extent of the plaintiff's interest therein. The rights of the china company and its stockholders are closely connected with the previous condition of the importing company, and with the extent of John M. Young's bona fide claim against it, and the facts concerning the subsequent formation of the china company are absolutely essential to be stated. We need not consider in detail every allegation of the complaint. It is enough to say that they all tend directly to support the cause of action referred to, which is single and indivisible, namely, the enforcement, in behalf of the corporation and its stockholders, of the agreements and representations under which it was organized. Possibly some of the allegations of the complaint might have been safely omitted, but even the least important have a bearing upon the cause of action alleged, and no prejudice to the appellant can result from having them retained. Motions like the present are not encouraged, especially in equity actions, and they should be granted only where the allegations are plainly prejudicial.

The allegations in paragraphs 9 and 11 of the complaint call for a further word. In paragraph 9 it is stated that, just prior to the assignment of the importing company, the appellant withdrew from its assets $25,000 in merchandise and $5,000 in money; and in paragraph 11 it is alleged that "such withdrawal was accomplished as follows." Then follow the details. As to the merchandise, purchases were made by the appellant from the importing company, and the goods were delivered to him. But the money that he paid therefor was immediately paid back to him upon account of an indebtedness which he claimed from the company. We think these details were properly stated, and were not mere statements of evidence. They are rather an amplification of the main fact averred, and, far from being prejudiced thereby, the appellant would have been prejudiced by their omission. He would in the latter case have been entitled to a bill of particulars before going to trial upon the bare allegation contained in paragraph 11. The same observations apply to certain other details, which need not be particularized.

We think that the order appealed from was right, and should be affirmed, with costs. All concur.