items of the work done for which the plaintiff sought to recover, and this he was entitled to have stated in a bill of particulars, so that the claim of the plaintiff should be restricted to the items specified. The account that appears in the record verified, and served as a bill of particulars, would seem to be sufficient, except as to the items for extra work in kitchen up to November 29, 1899, and the items for extra work to December 18, 1899. As to said items the particulars should be furnished.

The order should be modified so as to require the plaintiff to serve a bill of particulars specifying the work done and materials furnished by the John V. Schaefer Company for the defendants, and the reasonable value thereof as above specified, and as so modified affirmed, without costs. All concur.

(66 App. Div. 600.)

SMITH v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. STREET RAILROADS—INJURY AT CROSSING—EVIDENCE—QUESTION FOR JURY.

Plaintiff was driving a wagon across street car tracks when he was struck by a car and injured. His evidence tended to show that he attempted to cross the tracks when the car was about half a block away; that he turned practically straight towards the tracks to make the crossing; that he saw the car about half a block away, but proceeded to guide his horse without watching its further approach; that the car was coming very rapidly; that there was nothing to obstruct the motorman's view of the horse and the street; that the grade was practically level; that the rails were not slippery; and that the car could have been stopped within 10 or 15 feet. Held, that the evidence, though contradicted by the defendant, was sufficient to take the case as to defendant's negligence and plaintiff's contributory negligence, to the jury.

2. SAME—TRIAL—DIRECTING VERDICT.

Where the evidence presents an issue of fact, the trial court cannot direct a verdict, though it may properly set aside any other verdict as against the weight of the evidence.

Appeal from trial term, New York county.

Action by Dennis Smith against the Metropolitan Street Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before PATTERSON, HATCH, INGRAHAM, and LAUGHLIN, JJ.

Roger Foster, for appellant.
Theodore H. Lord, for respondent.

LAUGHLIN, J. On the 4th day of November, 1897, at about 4 o'clock in the afternoon, plaintiff was seated upon a single coal wagon, driving easterly across Lexington avenue at 124th street, and a north-bound car of the defendant struck the left wheel of the wagon, precipitating him to the ground, and inflicting certain injuries, to recover damages for which this action was brought. Plaintiff's counsel duly excepted to the direction of a verdict, and re-

quested to be permitted to go to the jury upon all the questions in the case. The question presented by the appeal is whether the evidence required the submission of the case to the jury. Upon the trial plaintiff testified that he was employed by Mr. Hobble as a driver; that he had had 12 years' experience as a driver at the time in question; that he started with a ton of coal from 126th street and Park avenue, drove over 126th street to Lexington avenue, turned into that avenue, and drove down on the westerly side, intending to cross to the easterly side of 124th street, his destination being premises located between 123d and 124th streets. Other evidence was given by or on behalf of the plaintiff tending to show that the horse attached to the coal wagon was walking, and was not turned across the street until the vehicle reached about the middle of 124th street, and at that time the car which collided with the vehicle was about in the middle of the block between 123d and 124th streets; that the vehicle turned, not upon a slant, but practically straight toward the track, to make the crossing; that after seeing that the car was about half a block away, and proceeding to guide his horse across the track, the driver did not watch the further approach of the car, but kept his attention upon the horse and the street in front; that the car was coming very rapidly, and there was nothing to obstruct the view of the horse and wagon by the motorman; that there was ample time for the vehicle to clear the tracks if the car had not approached with great rapidity; that the grade at that point was practically level, and the condition of the weather was such that the rails were not slippery, and that the car at the speed at which it was going could have been stopped within 10 or 15 feet. This evidence, although contradicted by the evidence introduced on the part of the defendant, presented a question of fact for the consideration of the jury, both upon the question as to whether plaintiff was free from contributory negligence and as to whether defendant was guilty of negligence.

If the testimony introduced on the part of the plaintiff correctly stated the facts, he had a legal right to cross the tracks at that time, and the jury would have been justified in finding that in so doing he exercised proper care, and that the motorman was negligent in not having his car under control, so as to avoid running the plaintiff down. These propositions are too clear to require further discussion. Hergert v. Railway Co., 25 App. Div. 218, 49 N. Y. Supp. 307; Lawson v. Railway Co., 40 App. Div. 307, 57 N. Y. Supp. 997; Kennedy v. Railroad Co., 31 App. Div. 30, 52 N. Y. Supp. 551; Mowbray v. Railroad Co., 59 App. Div. 239, 69 N. Y. Supp. 435; Blate v. Railroad Co., 44 App. Div. 163, 60 N. Y. Supp. 732; Weidinger v. Railroad Co., 40 App. Div. 137, 57 N. Y. Supp. 851.

The issues of fact thus presented could not be taken from the jury on the theory that a verdict for the plaintiff should be set aside as against the weight of evidence. In a proper case, the court may intervene, and grant a new trial, after the rendition of the verdict, upon the ground that the verdict is against the weight of evidence, but this does not justify the taking of the case from the jury in

advance.   McDonald v. Railway Co., 167 N. Y. 66, 60 N. E. 282.

It follows that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.