(51 Misc. Rep. 496.)

### W. T. HANSON CO. v. COLLIER et al.

(Supreme Court, Special Term, Schenectady County. October, 1906.)

**1. LIBEL—PLEADING—ANSWER—DEFENSES.**

Plaintiff brought an action for libel for alleged false statements published in defendants' periodical concerning the ingredients of a proprietary medicine sold by plaintiff, alleging that the statements injured him in his business and also the reputation of such compound. Defendants set up as a separate answer and defense that they published the article for the public good, believing it to be true, and that plaintiff published advertisements in other periodicals, and that they intended to show that the compound did not cure paralysis, as stated in the advertisements, and that plaintiff was guilty of fraud in claiming that it did. *Held* not to state a defense, and to be irrelevant and redundant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 153.]

**2. PLEADING—BILL OF PARTICULARS.**

In an action for libel in publishing statements concerning ingredients of a medicine compounded by plaintiff, where defendants do not plead justification, nor allege that the compound is made up of the ingredients mentioned in the alleged libel, a motion for a bill of particulars stating of what ingredients the compound was composed on certain dates prior to the publication of the libel will be denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 962.]

**3. SAME.**

Where an action is brought for libel in publishing false statements as to plaintiff's business and the demand for damages is general, the plaintiff will not be required to furnish a bill of particulars stating the names and residences of customers induced to cease purchasing because of such libel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 962.]

Action by the W. T. Hanson Company against Peter F. Collier and Robert J. Collier. Motion to strike out certain portions of defendants' answer and motion for bill of particulars. Motion to strike out granted, and motion for bill of particulars denied.

James A. Van Vorst (Edward W. Hatch, of counsel), for plaintiff. John T. Freelon, for defendants.

VAN KIRK, J. Two motions are presented to the court in the above-entitled action, which is an action brought to recover damages for the publication of an alleged libelous article. The first motion is to strike out certain portions of the defendants' answer as irrelevant and redundant. The second motion is for a bill of particulars.

In order to avoid a repetition of the facts, the determination of the court upon both motions will be stated in this memorandum. The paragraphs of the complaint are not numbered, and so will be referred to by folios. In the first and second folios of the complaint the defendants are alleged to be a copartnership, doing business under the firm name of "P. F. Collier & Son," which firm issues a journal known as "Colliers, The National Weekly," which journal has a large circulation in the city of Schenectady and throughout the United States. This allegation is admitted. In the second and third folios, paragraph 2, plaintiff alleges that it is a domestic corporation, organized for the pur-

pose of manufacturing and dealing in drugs and proprietary medicines in the state of New York and elsewhere in the United States, and for the purpose of acquiring trade-marks, stock in trade, etc. This allegation is not denied, except in the general denial. In folios 3, 4, 5, 6, and 7 the plaintiff sets forth that Dr. William Fred Jackson acquired a trade-mark for the words, "Dr. Williams' Pink Pills for Pale People," and that by mesne transfers the plaintiff became the owner within the United States of a compound known as "Dr. Williams' Pink Pills for Pale People," and of the trade-mark, and since August 10, 1892, has been engaged in the manufacture and sale of said compound, which had become widely and favorably known throughout the United States. In folios, 8, 9, and 10 the plaintiff alleges that the defendants maliciously, intending to injure the plaintiff in its business and in its reputation and in the reputation of its said medical compound, on January 13, 1906, published an article in its said journal, a part of which is set forth, and the plaintiff adds in parentheses that the defendants meant thereby that the said compound was composed of green vitriol, otherwise known as "copperas," an impure form of sulphate of iron, not fit for medical purposes, and of sugar and starch, and that the said compound was worthless as a medicine and a conspicuous swindle, etc.; that said statements concerning the compound are false, and are calculated to greatly injure the reputation of the plaintiff in its business, and to greatly injure its business and greatly injure the reputation of the said compound and to lessen the use and demand therefor, to the plaintiff's great damage. In folio 13 a further extract from the aforesaid article is set forth. In folio 14 it is alleged that the said false and defamatory statements published concerning plaintiff and its compound were published by the defendants willfully, wantonly, and maliciously, and with the wrongful intent and purpose of injuring the plaintiff in its business and its good name, etc. Folio 15 alleges that, by reason of the premises, the plaintiff has been injured in its reputation and its good name and credit as a manufacturer and seller of its said medical compound in the form of pills and in its said business of making and selling the same and in its good will and patronage and to its damage of $100,000.

The defendants have answered. In addition to the admission above noted, they admit that the article complained of was published in Collier's Journal, January 13th, in an article entitled "The Great American Fraud," which article was written by Samuel Hopkins Adams and published and circulated by the defendants. It admits that this article contained the matter quoted in the complaint from said article. Then follow denials of the other material allegations of the complaint, and a plea in mitigation of damages, besides the paragraphs here sought to be struck out. So that the material facts, which must be established by proof on the part of the plaintiff, in order to recover in this action, are (1) the ownership of the said medical compound, the trade-mark, and the right to sell the same; (2) that the parts of the alleged libelous article set forth in the complaint were maliciously published by the defendants of and concerning the plaintiffs; (3) that said portions of the alleged libelous article are false; and (4) the amount of damages that the plaintiff is entitled to recover from the defendants.

The first motion is to strike out as irrelevant and redundant the eleventh, twelfth, and thirteenth paragraphs of the answer, pursuant to section 545 of the Code of Civil Procedure, which provides, in substance, that irrelevant and redundant matter contained in a pleading may be stricken out upon the motion of the aggrieved party. This motion is addressed to the discretionary power of the court, which should exercise this power sparingly. Park & Sons Co. v. National Wholesale Druggists' Association, 30 App. Div. 508, 52 N. Y. Supp. 475. The motion should be granted only where no doubt exists as to the irrelevancy of the part of the pleading in question. Town of Essex v. N. Y. & C. R. R. Co., 8 Hun, 361. Allegations which are simply statements of evidence may be stricken out. Schroeder v. Young, 49 App. Div. 640, 63 N. Y. Supp. 110. A pleading is irrelevant which has no relation to the controversy between the parties to the action, and can in no event affect the decision of the court. Nichols N. Y. Practice, 833, par. 794; 30 App. Div. 508, 52 N. Y. Supp. 475. The test of irrelevancy in an answer is whether the statements claimed to be irrelevant tend to make or constitute a defense. Nichols N. Y. Practice, par. 794; Dovan v. Dinsmore, 33 Barb. 86. In paragraph 11 of the defendants set forth, as a second and further answer and defense, that the defendants published the said article for the public good and in the interests of mankind, and after a medical analysis had been made by an expert chemist employed by the defendants of the said medical compound and when the defendants believed said analysis had been correctly made. Paragraph 12 sets forth certain advertisements which are alleged to have been made by the plaintiff in other periodicals. There is no allegation that, at the time the alleged libel was published, either Adams or the defendants knew of the said advertisements. In paragraph 13 the defendants allege that they intended, relying upon the information derived from said chemical analysis and from other medical searches, to show to the public that the said medical compound does not cure the diseases set forth in the said advertisement and especially paralysis, which diseases were stated in the said advertisements could be cured by the use of said compound; and to show that, in claiming the said medical compound did cure such diseases, the plaintiff committed a fraud upon the public, and that the public wasted their money in purchasing the same. These allegations are not set forth as a partial defense or in mitigation of damages (Code, § 508), but as a further and separate defense. The said allegations taken together do not constitute a defense in an action to recover damages for libel. They do not constitute a justification, nor do they allege the truth of the statements claimed by the plaintiff to be libelous. They do not constitute any defense, proof of which could be admitted upon the trial under the pleading. The matters set forth in the eleventh paragraph are in substance again pleaded in the fifteenth paragraph of the answer as in mitigation of damages. The allegations in the twelfth paragraph of the answer, setting forth advertisements by the plaintiff in other periodicals than the defendants', at most, are allegations of evidence, and not of facts, and are entirely immaterial to any issue in the action on which evidence can be allowed under the pleadings. The motion, therefore, to strike

out the eleventh, twelfth, and thirteenth paragraphs of the answer is granted.

The second motion is made by the defendants to procure from the plaintiff a ·bill of particulars:

First, as to the ingredients making up the said medical compound prior to April 12, 1887, and on or about May 16, 1891, and on or about June 16, 1892, and on or about January 13, 1906. The medical compound is claimed to be of a secret composition. The ingredients making up this composition, at the several periods when the transfer of ownership of the compound and of the trade-marks was made, are asked for by the defendants. The only issue as to the ingredients is whether or not the said pills "are a compound of green vitrol, starch, and sugar." The plaintiff has set forth the transfers for the purpose of showing its title to the medical compound and its right to sell the same. The ingredients that make up this compound at the various times mentioned are not at issue in the case. There is no plea of justification in the answer, no plea that the compound is made up of the ingredients mentioned in the alleged libel. In a libel suit, where justification is pleaded, the justification must be as broad as the charge. The defendants claim that the composition of the compound has a bearing upon the amount of damage which the plaintiff can recover. The plaintiff has asked in its complaint no special damages. The damages sought to be recovered are all general, and are alleged to have resulted from the fact that the article published by the defendants was false and malicious. There is no part of the answer pleading that the compound sold by the plaintiff was valueless as a medicine, nor is there any allegation in any of the pleadings that the compound, as it was being sold by the plaintiff prior to January 13, 1906, was made up of any different ingredients than those which have constituted it since the day it was first put out for sale. Under no part of the answer could the defendants prove in mitigation of damages that the compound in January, 1906, and shortly prior thereto was made up of any different elements than at earlier dates.

The second part of the demand for a bill of particulars is that the plaintiff be required to state the names and places of residence of the customers and patrons, alleged in folios 14 and 15 of the complaint to have been induced to cease purchasing and using the plaintiff's said. preparation. In folio 14 the allegation is that said defamatory statements published concerning the plaintiff were published by the defendants willfully and maliciously and with wrongful intent to injure the plaintiff in its business and in its good name and credit. I find no allegation alleging that any person or persons, customers, or patrons, have been induced to cease to purchase the said medical compound. In folio 15 the allegation is that, by reason of the premises, the plaintiff has been injured in its reputation and in its good name and credit as a manufacturer and seller of its said medical compound in the form of pills and in its business of making and selling the same, and in its good will and patronage, to its damage in the sum of $100,000. I find no allegation in the complaint and no issue in the action which justify a court in requiring plaintiff to give a bill of particulars as requested in the second part of the demand. The demand for damages is general, not

special; and, in actions for libel, a bill of particulars as to elements of damage should not be granted when no special damages are alleged. Bell v. Heatherton, 66 App. Div. 601, 73 N. Y. Supp. 242; Stokes v. Stokes, 72 Hun, 372, 25 N. Y. Supp. 405. The principles which govern the court in determining whether or not a bill of particulars shall be ordered are agreed by the parties to be in substance as follows: The court may require one party to give to another information (1) as to a specific proposition for which the pleader contends in respect to any material issuable fact in the case; (2) for the purpose of preventing surprise and needless preparation; (3) for the purpose of amplifying a pleading, and to inform a party with reasonable certainty of the nature of the claim made by his adversary in order to prevent surprise and to enable him to intelligently meet the issue upon the trial.

Under these principles there is no ground to require a bill of particulars as requested.

The motion for a bill of particulars is therefore denied.

Ordered accordingly.