Settle order on one day's notice.

---

### LYON v. FRIEDLANDER.

(City Court of New York, Special Term. March, 1909.)

PLEADING (§ 52*)—JOINING TWO CAUSES AS ONE.

Under Code Civ. Proc. § 483, providing that, where the complaint sets forth two or more causes of action, the statement of the facts constituting each cause must be separate and numbered, where a cause of action for balance due for work, labor, and services was joined with an action for wrongful discharge, upon motion plaintiff will be required to state separately, and number, as to the first cause of action the facts as to the amount due him at the time he left defendant's employ, and as to the second the facts which caused the alleged wrongful discharge.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

Action by Gerald Lyon against Albert Friedlander. Motion to require plaintiff to separately state two causes of action, united as one cause in the complaint, etc. Motion granted.

Hastings & Gleason, for plaintiff.
Frederick W. Sperling, for defendant.

FINELITE, J. The plaintiff has united two causes of action as one cause of action in his complaint—the first for a balance due for work, labor, and services; second, for a wrongful discharge. A motion is now made why the plaintiff should not be directed to separately state and number as to the facts constituting each cause of action.

As a first cause of action he should state the facts as to the amount due him at the time he left the defendant's employ; in the second cause of action, the facts which caused the alleged wrongful discharge. See Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663; section 483,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Code Civ. Proc.; Christopher & Tenth St. R. R. v. Twenty-Third St. Ry., 78 Hun, 462, 29 N. Y. Supp. 233; Richards v. Kingsley, 14 N. Y. St. Rep. 701. As this is the proper practice by motion to move that the complaint should be separately stated and numbered as to the causes of action (Schroeder v. Young, 49 App. Div. 640, 63 N. Y. Supp. 110; Com. Bank v. Pfeiffer, 108 N. Y. 242–246, 15 N. E. 311), motion will therefore be granted.

Settle order on one day's notice.