## SOLOMON v. JOLINE et al.

(Supreme Court, Appellate Term. December 8, 1910.)

1. NEW TRIAL (§ 72*)—VERDICT—SETTING ASIDE—GROUNDS.

Where the evidence presents a question of fact for the jury, it is error to set aside the verdict unless so clearly against the weight of evidence as to justify the conclusion that it was arrived at through passion, prejudice, or mistake.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

2. STREET RAILROADS (§ 114*)—COLLISION WITH TRUCK.

In an action for damages from a collision between defendant's street car and plaintiff's truck, evidence as to defendant's negligence and freedom from contributory negligence of plaintiff's driver *held* to support a verdict for plaintiff.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Jacob Solomon against Adrian H. Joline and another, receivers of the Metropolitan Street Railway Company. From an order setting aside a verdict for plaintiff, plaintiff appeals. Reversed, and verdict reinstated.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Leopold Freiman, for appellant.
Masten & Nichols (W. J. Sheils, of counsel), for respondents.

GAVEGAN, J. The evidence shows that on the day of the accident a driver in plaintiff's employ was driving plaintiff's two-horse team and truck westerly through Fortieth street in the city of New York. When he reached Eighth avenue a car was coming south on the westerly track. As the driver drove his horses upon the first or easterly track the car was about three-quarters of a block away and coming slowly. Plaintiff's driver proceeded slowly across the westerly track, and when his horses had cleared it with the truck still upon the track and the car about five feet away, defendants' motorman was applying his brakes for the first time. Before the plaintiff's truck had cleared the westerly track the car collided with it causing the damage, to recover which this action was brought. The testimony of the driver's helper was substantially corroborated by a disinterested witness. Defendants offered no proof, but rested upon their motions to dismiss the complaint. Upon this state of the evidence the case was left to the jury, and the plaintiff had a verdict, which was set aside by the learned justice presiding at the trial. There was presented to the jury a question of fact. The veracity of the witnesses, their interest, and the probabilities of plaintiff's case were for the jury to determine, and it was error to set aside the verdict unless it was so clearly against the weight of the evidence as to justify the conclusion that it was arrived at through passion, prejudice, or mistake. Berkowitz v. Consolidated Gas Co., 134 App. Div. 389, 119 N. Y. Supp. 101.

We think under the evidence, standing as it does uncontradicted, there was proof of defendants' negligence and freedom from contributory negligence of plaintiff's driver sufficient to justify a verdict for the plaintiff, and the verdict should be reinstated. Hergert v. Union Ry. Co., 25 App. Div. 218, 49 N. Y. Supp. 307.

Order reversed and verdict reinstated, with costs to appellant in this court and in the court below. All concur.